**Arvin M. ANDERSON, Appellant,**

v.

**QUALITY FURNACE COMPANY and Newark Insurance Company, Respondents.**

No. 25224.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1969.

Application to Transfer Denied Jan. 12, 1970.

Max W. Foust and Russell D. Jacobson of Morris, Foust, Moudy and Jacobson, Kansas City, and Charlotte P. Thayer, of Thayer, Gum & Ernst, Grandview, for appellant.

Harold J. Maddox, Kansas City, for respondents.

MAUGHMER, Commissioner.

This is an action for apportionment under Section 287.150(3), V.A.M.S. When an employee, holding an award of compensation for an injury, effects a recovery of

damages therefor against a third-party tort-feasor, how shall the proceeds be divided between the employee and the employer? That is the sole question presented by this appeal.

The principals in this litigation are Arvin M. Anderson, employee, Quality Furnace Company, employer, and Newark Insurance Company, employer's insurer. We shall state the facts chronologically. On July 7, 1965, the employee was injured in an automobile accident which was sustained while in the course and scope of his employment. He duly filed a claim for workmen's compensation. On July 19, 1966, a suit against the third-party tort-feasor was compromised and settled for the sum of $5,000.00. At the time of the settlement there had been no final workmen's compensation award, but the employer had paid $285.00 in temporary total disability benefits; $7.50 to Memorial Hospital and $50.00 to a Dr. Robert Doring, or a total in compensation benefits paid of $342.50. On July 25, 1967, the referee entered an award of compensation in the total sum of $2,197.60. The entry of the compensation award predated distribution of the third-party recovery proceeds and we hold that the award may be considered in the apportionment of the third-party recovery. Newark Insurance Company, the employer's insurer, accepted $300.00 of the settlement in full and complete satisfaction of the employer's subrogation claim against the negligent third party. This release was not in discharge of the employer's claim against the employee for a share of the third-party recovery and the employee does not contend otherwise.

Counsel have apparently been quite concerned as to what amount of the attorney fee, if any, should be paid out of the employer's share of the recovery. However, this controversy will be resolved by our answer to the main question. Subsection 3 of Section 287.150 was enacted by the Sixty-eighth General Assembly and became effective 90 days after May 31, 1955. It reads as follows:

"3. Whenever recovery against the third person is effected by the employee or his dependents, the *employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee*. After the expenses and attorneys fee has been paid *the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered*, or the balance of the recovery may be divided between the employer and the employee or his dependents as they may agree. Any part of the recovery found to be due to the employer, the employee or his dependents shall be paid forthwith and any part of the recovery paid to the employee or his dependents under this section shall be treated by them as an *advance payment by the employer on account of any future installments of compensation*." (Italics added.)

In McKenzie v. Missouri Stables, Inc., 225 Mo.App. 64, 34 S.W.2d 136, 139, decided in 1930, the court first noted that the procedure to be followed in the enforcement of third party liability in workmen's compensation matters has been a vexatious problem in every state which has adopted a workmen's compensation law, and then declared that whoever made the recovery (employer or employee) received the funds under an express trust, the employee to see that the employer's right of subrogation was protected, and the employer to see that the employee received his rightful portion. The doctrine that such proceeds are so held under an express trust has been noted in numerous opinions since. Sommers v. Hartford Accident & Indemnity Co., 277 S.W.2d 645 (Mo.App.) and Zasslow v. Service Blue Print Co., 288 S.W.2d 377 (Mo.App.).

Originally the third party statutory recovery provisions (Section 287.150(1)) provided specifically for subrogation, and then gave a formula for division when the re-

covery was made by the employer. This statute, after declaring that the employer shall be subrogated to the right of the employee or dependents to recover from third parties, and that the recovery shall not be limited to the amount of compensation payable, states that: first, expenses of recovery shall be deducted; second, the employer shall be reimbursed for any compensation payments made; and third, the balance shall be paid "forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation." In Zasslow v. Service Blue Print Co., supra, the court commented that under Section 287.150(1), supra, "it was a matter of indifference whether the recovery was obtained against the third party by the employer or by the employee" as the division would be just the same. In Zasslow the recovery was by the employee who sought to have the division made under subparagraph three, but the court refused to apply the statute retroactively.

Originally the states passed only restricted workmen's compensation laws. The legislatures seemed fearful of possible double recovery, and had no desire to promote litigation. It is of course elementary that a claimant should not be allowed to keep the entire amount of both his compensation award and his common-law damage recovery. At first it seemed that the proper disposition would be to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and give the employee the excess. That would seem to be fair to everyone; the employer, who in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay; and this appears to be equitable, since to reduce his burden by the workmen's compensation payments would result in a simple windfull to him; and the employee gets fuller reimbursement for actual damages sustained than would be payable under the compensation system

alone. However, in Larson's Workmen's Compensation Law, Vol. 2, page 209, we find this statement as to division of third-party recoveries:

"* * * Some of the leading compensation states are beginning to vary this slightly. In Massachusetts the employee gets only four-fifths of the excess, presumably on the theory that the subrogee will thereby have a greater incentive to sue or settle for more than the bare amount necessary to cover the compensation expenditure. In New York the employee gets the entire excess over the employer's compensation outlay if the employee himself is the plaintiff, but only two-thirds if the employer or insurer is the plaintiff. This gives the employee, who under the New York statute has the first opportunity to sue, a financial motivation for taking direct action against the tort-feasor; it also impels the subrogee, if the cause of action passes to him, to achieve as large a recovery as possible, and to refrain from the temptation of making an easy settlement for no more than the out-of-pocket compensation cost. * * *"

There are three provisions of subparagraph three which are difficult to construe. Number one, "Whenever recovery against the third person is effected by the employee or his dependents, *the employer sahll pay from his share of the recovery a proportionate share of the expenses of the recovery,* including a reasonable attorney fee." This provision poses the question, What is the employer's share of the recovery and what is his proportionate share of the expenses of recovery? Second, "After the expenses and attorneys fee has been paid the balance of the recovery shall be apportioned between the employer and the employee or his dependents *in the same ratio that the amount due the employer* bears to the total amount recovered, * * *." This provision raises the question as to what is the amount due the employer. Is it the amount he has paid on the compensation award or is it the amount of his

liability under the award, that is, the total amount of it? Third, any part of the recovery paid to the employee or his dependents "shall be treated by them as an advance payment by the employer on account of *any future installments of compensation*." (Italics added.) Does the phrase "future installments of compensation" mean (1) installments which accrue in the future, or (2) installments already due but which are unpaid, or (3) installments which have already accrued and have been paid? We think it must mean installments which accrue in the future, otherwise the payment would not be "an advance payment" nor would it be "on account of any future installments."

On July 25, 1967, the referee, after a hearing, entered an award totaling $2,197.-60 and directed a division of the $5,000.00 third-party recovery under the following formula: Amount of award, $2,197.60 ($342.50 paid on award); gross amount of recovery, $5,000.00; expenses of recovery, including attorney fee, $2,043.60 and net recovery of $2,956.40. It is here noted that in computing the total expenses of recovery the referee reached a total of $2,043.60, while the commission in its computation arrived at a total of $1,702.00. We are unable to determine how either figure was arrived at, particularly in view of paragraph 10 of the stipulation entered into by the parties in which it was agreed that in the third-party settlement the employee incurred and paid an attorney fee of $1,650.00 and other expenses totaling $26.10. We think that both the referee and the commission should have totaled the expense of recovery as $1,676.10. We find nothing in the stipulation or any evidence to the contrary. However, we shall continue here with the figures used by the referee in making his division, as the vital point at issue is the method used rather than the particular figure.

The referee then ruled that the employer's share is the proportion which the total award ($2,197.60) bears to the total recovery ($5,000.00) or 43.955%. The em-ployee's share therefore is the balance, or 56.045%. Applying these percentages first to the expenses of recovery which in the referee's computation totaled $2,043.60, the referee charged $899.26 thereof to the employer's share, and $1,144.34 to the employee's share. Thus far the referee followed the procedure used by this court in Knox v. Land Const. Co., 345 S.W.2d 244 (1961). The proper procedure from here on was to then take 43.955 percent of the net recovery. This would be the employer's share of the net recovery, and if the award had already been paid in full, it would be paid to the employer as a reimbursement. If the award had not been paid or only partly paid, the employer's share would be retained by the employee and the employer credited with that amount on the currently due, but unpaid compensation payments. This is the procedure which was followed by this court in the case of Knox v. Land Construction Co., supra.

The commission expressed its opinion that the method followed by the referee herein and by this court in Knox was and is wrong, and proceeded to divide by another formula—a formula which has never been sanctioned by our Supreme Court or by any Missouri appellate court.

Under the commission's formula it was held that the employer's share in the third-party recovery is the proportion which the total amount which the employer *has paid on the award* ($342.50) bears to the total gross recovery ($5,000.00) rather than the proportion which the *total award* ($2,197.-60) bears to the recovery. Applying the commission's procedure to the case before us, the employer's share is 6.85% and the employee's share is 93.15%. As computed by the commission, where the employer had paid only $342.50 on the award of $2,197.60, (which was all due and payable), the employer's share of the total recovery is $342.50, he paid $116.59 of the recovery expenses and retained the balance of $225.91. Thus the employer recouped $1,971.69 of his liability under the award and had a net outlay under the whole proceeding of only

$116.59. However, if the employer had already paid the award in full (and here it was all due and payable), then under the commission's formula, the employer's proportionate share would be not 6.85% but 43.95% and he would recoup $1,449.47 of the $2,197.60 which he had paid on the award, leaving his net outlay on the whole matter, $748.13. He would therefore, under the commission's formula, be out $748.13 if he had paid the award in full, but would be out only $116.59 if he had paid only $342.50 on it. The employer would, therefore, be penalized $631.54 because he had paid the award in full instead of paying only $342.50 thereon. Unless the award has been fully paid when division of the third party recovery is made, there will be a wide variance in results between the commission's method and the Knox formula. In our opinion the method used by the commission, as we understand it, not only would lead to widely-varying results, but would result in great differences in the respective shares, *dependent entirely upon the amount which the employer had paid on the award.* For example, let us take two cases, in each of which there was an award of $10,000.00, a gross recovery of $20,000.00, with expenses of the recovery totaling $10,000.00. Let us assume that in case one, the employer had paid the full amount of the $10,000.00 award; in case two, the employer had paid only $1,000.00 on the award. Under the division used by the referee in the case before us and by this court in Knox, the employer's share in the award would be 50%; that is, the proportion which $10,000.00, the amount of the award, bears to $20,000.00, the amount of the recovery. Under Knox, the employer's share would likewise be 50% in the second case because his share would be determined by the amount of the award and not on the amount he had paid. The results in dollars and cents would be that in case one, the employer would recover $5,000.00, he having paid the award in full, and would be out the net amount of $5,000.00. The employee would receive $15,000.00, $10,000.00 of which he had received on the award, and

$5,000.00 from the third-party recovery. Under the commission's plan of division, the same result would obtain in the first case where the full amount of the award had been paid by the employer, but in the second case where the recovery had been identically the same, and where the total award or total liability of the employer was exactly the same, his share would be only ¹⁄₂₀th of the recovery, or $1,000.00, of which $500.00 would go for attorneys fee, and the employer would receive just $500.00 from the recovery, leaving his net outlay only $500.00; that is, the amount paid on the award, $1,000.00 less the $500.00 received from the recovery. Under the commission's interpretation, the $9,500.00 share of the recovery received by the employee is "treated as an advance payment of compensation", is applied as payment on the $9,000.00 balance due on the award, which balance had already accrued and was not actually a "future installment", and would fully pay the award. The employee, on the other hand, would retain $9,500.00 from the net third-party recovery, plus the $1,000.00 which had been paid on the award, making his total net recovery only $10,500.00. Therefore, in the second case the employee would receive $10,500.00 net, and the employer would be out only $500.00 net. Such a division would in truth and fact actually give the employer $9,500.00 of the $10,000.00 net recovery (the compensation award against him being reduced by that amount) and the employee only $500.00 of the $10,000.00 net recovery; that is, only $500.00 more than would be received under the compensation award alone. Such a division would be grossly unfair, we believe, and was not intended by the legislature. Moreover, a division whereby an employer's net liability is reduced from $5,000.00 to $500.00 by simply refraining from paying a compensation award which is already due, is absurd.

Under the method of division used in Knox, the share of the employer in the third-party recovery remains constant, as it depends entirely upon the amount of the compensation award. In the method used

by the commission, the employer's share does not remain constant but fluctuates up and down since it is dependent, not upon the amount of the compensation award, but rather upon the amount which the employer has paid on the award. Such a vacillating result is unreasonable, unfair and was not, we believe, intended by the commission.

Where the third-party recovery is effected by the employer the method of division (Section 287.150(1)) is quite clear. The expenses of the recovery are first paid, then the employer is reimbursed for any compensation outlay, and the balance is paid to the employee as an advance payment on any future installments. In other words, expenses are first paid, then the employer is made whole, or as nearly so as the net recovery will make him whole, and the balance goes to the employee. Maryland Casualty Co. v. General Electric Co., 418 S.W.2d 115 (Mo.).

In 1955, the legislature added subparagraph three which purports to provide for a method of division when the recovery is "effected by the employee". We assume that the purpose of the section was, as it clearly states, to provide a formula when recovery is made by the employee. However the commission in its award says the legislature added subsection three for a different reason. We quote in part from the commission's award or opinion in this connection:

"The addition of paragraph (3), as set out, was to cure the abuse of the attorneys fee practice, where the third party action was prosecuted by the employee or his dependents and was not intended to deprive the employer of his full indemnification, less only his proper and fair proportionate share of the expenses of recovery."

One commissioner specifically dissented from this comment. The commission did not enlighten us as to the details of the "abuse of the attorneys fee practice".

Counsel for both sides discussed at length in the oral argument whether or not a part of the expenses of the third-party recovery (including attorney fees) should be paid out of the employer's share of the recovery. Appellant claimed the employer should pay a part, while respondent asserted he should not pay. We believe that in the case before us at least, this particular dispute can be decided and disposed of quickly and in few words. As to the contention that the employer should not pay a part, we point out first that the statute says, "The employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee."; second, both the referee and the commission ruled that a portion of the recovery expenses were chargeable to the employer's share; and third, respondent did not appeal from any part of the commission's holding. As to the employee's argument that the employer's share is subject to a part of the recovery expenses, it is noted that the decisions in Knox, by the referee and by the commission in the case before us, all three so hold. Therefore, appellant's position in this regard has been upheld throughout. The real and vital dispute, as we pointed out earlier, has to do with the respective shares of the parties, that is, under what formula shall those shares be determined. Once this has been decided, it makes no real difference whether a proportionate part of the attorney fee is charged to each party or if the attorney fee is taken off the top and the net residue is divided. The actual and final result will be the same.

In our opinion the method used in this case by the commission is unworkable, varies widely, and depends entirely upon the amount of compensation which has already been paid on the award. This procedure makes it profitable for an employer to fail, neglect or refuse to pay the compensation award. We cannot approve such a formula. We believe the method used in part by the referee and in accordance with Knox should be approved and followed. However, as we pointed out earlier, we believe the total of the expenses

of recovery are $1,676.10. The stipulation lists two items in this category—that is, an attorney fee of $1,650.00 and the sum of $26.10 for court reporter and copy of a police report.

We shall make the computation and apportionment as we believe the same should be made.

| | |
|---|---|
| Amount of the compensation award | $2,197.60 |
| Amount paid on the award | $342.50 |
| Amount of the third-party recovery, gross | $5,000.00 |
| Expenses of the recovery | $1,676.10 |
| Net recovery | $3,324.90 |

Employer's proportionate share is the proportion which the award ($2,197.60) bears to the total recovery ($5,000.00), or 43.955%,

| | |
|---|---|
| which totals | $2,197.75 |
| The employer therefore pays 43.955% of the expenses of recovery, which amounts to | $736.73, |
| leaving his balance of the net recovery, the sum of | $1,461.02. |

The employer has already paid $342.50 on the award of $2,197.60, all of which is due and payable. Therefore he still owes $1,855.10 thereon. If the award had already been fully paid by the employer his balance of the net recovery ($1,461.02) would be paid directly to him as a reimbursement. However, since the award has not been paid, the employee retains the $1,461.02, but the employer is entitled to credit therefor, which leaves a balance due on the award of $394.08, which, plus the $300.00 already received from the recovery by employer's insurer (Newark Insurance Company) is now due and payable. We note that under the formula we have used the employer actually receives in cash or credit from the third-party net recovery, the sum of $1,461.02 and the employee receives $1,863.88 from the net recovery of $3.324.90. Viewed another way, the employer-insurer liquidates a compensation award of $2,197.60 with a net outlay of $736.58 and the employee actually gains $1,863.88 as a result of his third-party action.

The judgment of the circuit court affirming the final award of the industrial commission is reversed and the court is directed to return the cause to the industrial commission with directions to set aside the final award previously entered, and to enter an award in accordance with the views expressed in this opinion, and particularly in accord with the computation set forth in the preceding paragraph.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.