Leroy F. RUEDIGER, Jr., Appellant,

v.

KALLMEYER BROTHERS SERVICE,
Respondent.

No. 58212.

Supreme Court of Missouri,
En Banc.

Nov. 12, 1973.

Richard L. Hughes, Mogab, Hughes & Green, St. Louis, D. Sherman Cox, St. Louis, for appellant.

Ronald C. Willenbrock, Holtkamp & Amelung, St. Louis, for (defendant) respondent.

DONNELLY, Chief Justice.

On February 10, 1965, Leroy F. Ruediger, Jr., was injured in a two vehicle accident while in the employ of Kallmeyer Brothers Service. He was found to be permanently and totally disabled under the Missouri Workmen's Compensation Law and entitled to $42.50 per week for the first 300 weeks of permanent total disability and thereafter to $27.50 per week for life, in addition to all medical aid which might become necessary.

Ruediger filed a third party claim against American Bus Lines, Inc. which resulted in judgment, plus interest, in the amount of $140,582.62.

This appeal involves the question of apportionment of a third party recovery under § 287.150, RSMo 1969, V.A.M.S., when the employee effects the recovery. The case was transferred here by this Court after opinion by the Missouri Court of Appeals, St. Louis District, because of an apparent conflict in the law between the Kansas City and St. Louis Districts of the Missouri Court of Appeals.

Section 287.150, RSMo 1969, V.A.M.S., reads in part as follows:

"1. Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amounts which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation.

\* \* \* \* \* \*

"3. Whenever recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee has been paid the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered, or the balance of the recovery may be divided between the employer and the employee or his dependents as they may agree. Any part of the recovery found to be due to the employer, the employee or his dependents shall be paid forthwith and any part of the recovery paid to the employee or his dependents under this section shall be treated by them as an advance payment by the employer on account of any future installments of compensation."

The St. Louis District of the Court of Appeals (opinion by Simeone, J.), posed the problem presented by this case as follows:

"The procedure to be followed in the enforcement of third party liability, and the procedure concerning the responsibility for expenses of the recovery and the distribution of the proceeds of a third party recovery, have been termed by this court to be a 'vexatious' problem in every state which has adopted a workmen's compensation law. McKenzie v. Missouri Stables, 225 Mo.App. 64, 34 S.W.2d 136, 138. For general discussions see 101 C.J.S. Workmen's Compensation § 1042; Annot., 142 A.L.R. 170. The statutes vary so widely that each

state is compelled to interpret its own unique provisions. § 287.150(3) has many deficiencies which should be corrected and which make the statute particularly difficult to apply to a permanent and total disability case. We urge the General Assembly to examine the statute and correct the numerous deficiencies therein.

" 'Originally most states passed rather restricted Workmen's Compensation Laws. Legislatures and courts seemed fearful of possible double recovery and had no desire to promote litigation. It is elementary that a claimant should not be allowed to keep the entire amount both of his compensation award and his common law damage recovery.' Knox v. Land Const. Co., Mo.App., 345 S.W.2d 244, 247. See also Anderson v. Quality Furnace Co., Mo.App., 447 S.W. 2d 828, 830. At first it seemed that the proper disposition of the third party proceeds would be to give to the employer so much thereof as to reimburse him for his compensation payments and give to the employee the remainder. Prior to 1955 this apparently was the procedure and still is when the third party recovery is 'effected' by the employer under § 287.150(1). Under that subsection the 'expenses' of recovery of the third party claim are first paid, then the employer is reimbursed for his compensation outlay and the balance is paid to the employee as an advance payment on any future installments. Maryland Cas., Co. v. General Elec. Co., Mo., 418 S.W.2d 115. In that decision the Supreme Court held that when the insurer paid a certain sum to a widow for compensation and instituted action against a third party, with the widow participating in the suit, the widow was entitled to receive only the balance of a recovery after payment of the subrogated amount plus the expenses of litigation.

"But in 1955 the General Assembly amended § 287.150 (Laws, 1955, p. 597) by adding subsection (3). Under that subsection, a method of sharing the expenses and a division of the balance of the third party recovery after expenses is provided when-

ever the recovery is 'effected' by the employee. This section has resulted in great confusion, uncertainty and differences of opinion as to the proper formula to be utilized in the sharing of expenses and in the distribution of the third party recovery between the employer and the employee. On the one hand, the Kansas City Court of Appeals (Missouri Court of Appeals, Kansas City District) in Knox and Anderson, supra, takes one view, and the Industrial Commission another.

"The statute first directs that when the employee effects recovery '. . . the employer shall pay from his share of the recovery a proportionate share of the expenses . . .' What is the employer's share of the recovery? What is his proportionate share of the expenses? The statute then goes on to say 'After the expenses and attorneys fee has been paid the balance of the recovery shall be apportioned between the employer and the employee . . . in the same ratio that the amount due the employer bears to the total amount recovered, or the balance of the recovery may be divided between the employer and the employee . . . as they may agree.' What is the amount due the employer? Is it the amount of the total compensation award or the amount actually paid to the employee on the award (the amount accrued and paid)?

"In both Knox and Anderson, supra, the amount of the award rather than the amount actually paid on the award was used as the basis for determining how the distribution of the balance of the recovery was to be achieved. In both cases the amount of the award was certain ($2,197.-60—$342.50 paid in Anderson, and $12,797.-85—$4,597.85 paid in Knox) and the formula used to distribute the third party proceeds in those cases was, after expenses, to distribute the proceeds in the ratio that the total amount of the award ('amount due the employer') bears to the total amount of the third party recovery. The Kansas City Court rejected as 'unworkable' and even 'absurd' the Commission's 'Tisius' formula

(Tisius v. Morrell Meat Packing Company, Injury No. ZZ–26007, entered September 21, 1966) which held that the employer should bear only that portion of the expenses of a recovery and attorneys fee in proportion which the amount paid by the employer bears to the total recovery.

"The amount of the award in both Knox and Anderson, *supra,* was certain; *Knox* involved a death and *Anderson* did not involve a permanent total injury. Therefore, neither *Knox, Anderson,* nor *Tisius* control the resolution of this proceeding. All agree that Mr. Ruediger is permanently and totally disabled and is entitled to compensation for a certain amount for 300 weeks and an amount for the remainder of his life as a pension. All agree that the employer is entitled to and has paid the sum of $13,957.62, but disagree as to the employer's obligation to continue proportionate payments to the employee.

"There is no doubt that the intent of the statute is to require the employer to share the expenses of a third party recovery. The employer's obligation to pay his proportionate share of the expenses from 'his share of the recovery,' and the apportionment of the balance after expenses in the ratio as set forth in the statute, can be expressed in mathematical terms. If 'x' equals the employer's 'share of the recovery,' or the value of the compensation claim, then the obligation of the employer to share the expenses can be expressed as

$$\frac{x}{\text{amount of third party recovery}} \text{ times the}$$

total expenses of the third party recovery. Or, expressed in different terms, the employer's share of the expenses can be determined by a formula as follows:

$$\frac{\text{total value of compensation claim}}{\text{amount of third party recovery}} \text{ times}$$

the expenses of recovery. The result equals the employer's share of the recovery. When 'x' is certain, as it was in Knox and Anderson, *supra,* the employer's obligation to share in the expenses and the amount to be distributed to the employer and employee after deducting the expenses can be easily

determined mathematically. But in a case of permanent total disability, 'x' is an unknown factor, constantly changing and wholly unknown at the time of the third party recovery."

The St. Louis District of the Court of Appeals held the *Knox* formula unworkable in this case—a permanent and total disability case—and used a different formula.

We believe the *Knox* formula should no longer be followed because: (1) as evidenced by this case, it can be utilized only when the amount of the award is certain at the time of the third party recovery, and, therefore, cannot be uniformly applied in all situations; and (2) the Court in *Knox* failed to follow the plain meaning of the statute when it held that "the amount due the employer" is the amount of the award rather than the amount actually paid on the award at the time of the third party recovery.

In our opinion, Subsection 3 of § 287.150, supra, requires the following method of calculation: (1) the expenses of the third party litigation should be deducted from the third party recovery; (2) the balance should be apportioned in the same ratio that the amount paid by the employer at the time of the third party recovery bears to the total amount recovered from the third party; (3) the amounts due each should be paid forthwith; (4) the amount paid the employee should be treated as an advance payment on account of any future installments of compensation; and (5) in a case such as presented here, the employee should be entitled to future compensation benefits in the event the amount paid him as an advance is exhausted under the provisions of the statute.

In this case, the attorney's fee was $46,819.54. The total amount of the third party recovery was $140,458.62. The amount paid the employee by the employer at the time of the recovery was $13,957.62.

The calculation under the statutory formula is as follows: (1) the amount of

$46,819.54 is deducted from the amount of $140,458.62, leaving a balance of $93,639.-08; (2) the ratio is as $13,957.62 bears to $140,458.62; and (3) when the balance of $93,639.08 is apportioned at that ratio, the employer should be paid $9305.08 and the employee should be paid $84,334.00.

■■ In this case, these amounts, less payment of incidental expenses incurred in the claim against the third party ($52.22 paid by the employer; $422.48 paid by the employee), were received by the employer and employee when Ruediger's attorney in the third party action distributed the proceeds of the third party judgment.

The Industrial Commission found that such distribution was made "pursuant to agreement as authorized by law." Its finding was affirmed by the Circuit Court of St. Charles County. We need not determine the validity of such finding because the amounts received by the parties under the alleged "agreement" are the same as the amounts due them under the statute. We do agree with the St. Louis District of the Missouri Court of Appeals that: (1) in any event, the employee has not waived "any future pension benefits the employee is entitled to after the net recovery of $83,911.52 is exhausted"; and (2) that the Commission "retains jurisdiction during the lifetime of the employee for the purpose of continuing pension benefits after the exhaustion of the net third party recovery."

We recognize that the statutory formula followed in this opinion is vulnerable to the charge that it is inequitable to the employee because it relieves the employer and insurer of "having to pay a portion of expenses based on the benefit to them of being saved future obligations." However, we cannot read something into a statute that is not there. We urge the General Assembly to reexamine § 287.150, RSMo 1969, V.A.M.S.

The judgment is affirmed and the cause remanded for entries not inconsistent with this opinion.

MORGAN, HOLMAN, HENLEY and FINCH, JJ., concur.

SEILER, J., dissents in separate dissenting opinion filed.

BARDGETT, J., dissents and concurs in dissenting opinion of SEILER, J.

SEILER, Justice (dissenting).

As the majority opinion states, the formula which it adopts is vulnerable to the charge that it is unequitable to the employee, because it relieves the employer and insurer of having to pay any attorney fees or other expenses on the advance payment on the employee's future compensation. The advance payment in this case is $84,334.00. The employer and insurer need pay no future compensation until this amount is exhausted. At $42.50 per week for 300 weeks and $27.50 per week thereafter it will take approximately 2900 weeks or 56 years for this to occur. Practically speaking, the employer's and insurer's liability is already at an end. Were it not for the employee's action in recovering over $140,000 from the third party, this $84,334.00 would have to have been paid the employee in weekly installments of compensation by the employer and insurer. Yet they are getting a free ride—a windfall.[1] They need pay nothing for being relieved of paying $84,334.00 they otherwise would have to pay in compensation payments. The entire attorney fee of 33⅓% on the $84,334.00 is being paid by the employee.

It does not seem to me this is what the statute provides or that such was the intention of the legislature. The first sentence of Sec. 287.150, subd. 3 provides: "Whenever recovery against the third person is

---

1. It is true the employer and insurer could have instituted a third party recovery action if the employee had not done so, but an action in their name might not have been as success-ful as one filed by the employee personally. Juries are likely to do more for an injured plaintiff than they are for a subrogated insurer.

effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee." This seems to be a clear direction by the legislature that the employer is not to get a free ride on any part of his share.

In the second sentence of Sec. 287.150, subd. 3 the ratio is established as being that which ". . . the amount due the employer *bears* to the total amount recovered . . ." (emphasis supplied). The language used is in the present tense and seems to me to include what the employer is able to utilize by way of advance payment on compensation. The weekly compensation rate in this case is $42.50. Each week therefore the employer is able to utilize $42.50 of the advance payment of $84,334.00 to avoid making a payment that week of $42.50 to the employee. The right to have the advance payment thus utilized is part of the amount due the employer, and so the word "bears" in the above sentence operates each time the employer draws on the advance payment in lieu of having to make the weekly compensation payment himself. The words "amount due" and "bears" are not restricted to past amounts expended by the employer at the time the third party recovery is collected and must necessarily include what is used up week by week of the advance payment in order to satisfy the legislative mandate that the employer shall pay from his share of the recovery a proportionate share of the expense of the recovery.

The compensation referee solved this problem by ordering the employer to continue proportionate payment for reimbursement of expenses incurred in the third party recovery to satisfy the employer's obligation under the statute to share the expenses of the third party recovery. His order was that the employer continue proportionate payments in the amount of one third of $42.50 until the expiration of 300 weeks and thereafter one third of $27.50 for so long as the employee lives, these payments being in satisfaction of the employer's and insurer's obligation to share in the expense of the third party recovery. This is equitable, provides a means whereby the employer and insurer pay their share as they receive their benefit, and accords with the statutory requirement that the employer and insurer are to pay a proportionate share of the expenses of recovery.

In my opinion, our remand should be modified to include a direction of weekly payments in the amount and for the purpose as specified by the referee, terminating at the death of the employee, and I, therefore, rspectfully dissent.