**Vickie Sue Followell IKERMAN et al., Plaintiffs-Respondents,**

v.

**Gary KOCH, d/b/a Gary's Highway Shell and Gary's Broadway Shell and American States Insurance Company, a corporation, Defendants-Appellants.**

No. 60822.

Supreme Court of Missouri, En Banc.

April 10, 1979.

Rehearing Denied May 17, 1979.

---

5. The same rationale appears in *Di Donato v. Rosenberg, supra.*

Edward J. Wynne, St. Louis, for defendants-appellants.

Richard G. Steele, Cape Girardeau, for plaintiffs-respondents.

Charles A. Mogab, Richard L. Hughes, Larry W. Glenn, St. Louis, amicus curiae.

SIMEONE, Judge.

## I.

This is an appeal from a judgment of the circuit court of Cape Girardeau County by appellants—employer [1] and insurer [2] entered on April 18, 1977 reversing an award of the Labor and Industrial Relations Commission which in turn modified a referee's modified award which authorized a lump sum death benefit for two years to respondent, Mrs. Ikerman, the widow of a deceased employee on account of her remarriage without giving credit for the award to the appellants. Appellants, employer and insurer, appeal and contend the trial court erred in reversing the Commission's order because the order was based on competent and substantial evidence. After decision by the court of appeals, Eastern District, and upon application by the appellants, we granted transfer and now decide the case as on original appeal under the provisions of Art. V, § 10, Mo.Const.; Rule 83.03.

The facts of this case are not in dispute. The issue turns on whether the respondent, Mrs. Ikerman, is entitled to be paid a lump sum death benefit award under § 287.-240(4)(a) [3] or whether the employer is enti-

---

1. Gary Koch, d/b/a Gary's Highway Shell and Gary's Broadway Shell.

2. American States Insurance Company.

3. Section 287.240, subsection 4, RSMo Supp. 1975: ". . . The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee and any death benefit shall be payable to them to the exclusion of other total dependents;

"(a) A wife upon a husband legally liable for her support, and a husband mentally or physically incapacited from wage earning upon a wife; provided, that on the death or remarriage of a widow or widower, the death benefit shall cease unless there be other total dependents entitled to any death benefit under this chapter. *In the event of remarriage, a lump sum payment equal in amount to the benefits due for a*

tled to a credit of such lump sum following a third party recovery. This case is unlike *Yardley v. Gaylord Montgomery and U.S.F. & G.*, and *Asher v. Killion Construction Co.*, decided this date, Mo., 580 S.W.2d 280. In this case the widow of a deceased employee effected a third party recovery and then remarried within the credit period. In *Yardley* and *Asher,* no third party recovery was effected.

## II.

On January 8, 1975, Jerome Michael Followell was employed by Gary's Highway Shell in Cape Girardeau. He had married the respondent Vickie Sue Followell on October 24, 1968. Two boys were born of the marriage. Michael Jerome was born in 1969 and Jeffrey Scott was born in 1972.

On the evening of January 8, 1975, Mr. Followell was engaged in his duties as an employee for Gary Koch. While attaching a wrecked car onto his employer's wrecker he was struck by a pick-up truck driven by an uninsured third party. He received serious injuries from which he died on the same date.

A claim for compensation was filed with the Division of Workmen's Compensation and the employer and insurer filed their answer to the claim. American States began making compensation payments of $64.00 per week commencing January 9, 1975 and made such payments through May 28, 1975. The total payments amounted to $1,280.00. American States also paid a fu-

neral allotment of $800.00, a hospital bill of $203.60 and ambulance service of $45.00.[4]

On May 24, 1975 the widow settled a wrongful death action which had been filed against the negligent third party for $29,500. After deducting attorneys fees in the amount of $9,833.33, a net recovery of $19,666.67[5] was had.

On January 15, 1976 a hearing was held before the referee in Cape Girardeau. The employer-insurer admitted that (1) the employer operated under the provisions of the workmen's compensation law, (2) the employer was insured, and (3) Jerome Michael Followell was an employee and sustained a fatal injury by accident arising out of and in the course of his employment. The parties stipulated the rate of compensation to be $64.00 per week. At the hearing, the parties recognized that appellant—American States—was entitled to a credit of $19,666.67 by virtue of the third party action at a weekly rate of $64.00 per week or for 307.29 weeks.[6] ". . . And, 307.29 weeks from January 8, 1975 would mean that compensation should start in again on a monthly basis on or about December 1, 1980." At the hearing dependency was proved, and on January 20, 1976 the referee made his award. In his findings of fact, he found that Jerome Michael Followell sustained a fatal accident on January 8, 1975 arising out of and in the course of his employment and that he was survived by his widow Vickie Sue Followell and two minor children. He further found that the widow and children were total dependents

*period of two years shall be paid to the widow or widower.* Thereupon the periodic death benefits shall cease unless there are other total dependents entitled to any death benefit under this chapter in which event the periodic benefits to which said widow or widower would have been entitled had he or she not died or remarried, shall be divided among such other total dependents and paid to them during their period of entitlement under this chapter." (Emphasis added).

4. Compensation payments    $1,280.00
     Funeral    800.00
     Hospital    203.60
     Ambulance    45.00
               $2,328.60

The respondent repaid this amount to the appellants—employer-insurer out of the third party recovery.

5. The Missouri Association of Trial Attorneys filed an amicus brief contending that the net recovery should be $17,337.40 ($19,666.00 [sic] less $2,328.60) since the widow repaid the $2,328.60 to the employer-insurer. The parties themselves do not address this issue and to avoid greater confusion we shall assume the net recovery to be $19,666.67.

6. $19,666.67 divided by $64.00 per week equals 307.29 weeks.

and that the ". . . dependents are entitled to distribution of death benefits . . ." as follows: $48.00 per week to the widow, Vickie Sue and $8.00 per week for each of two children for a total of $64.00.

The referee further found (1) that the widow and children have effected a third party recovery of $29,500.00 less an attorney fee of $9,835.33 [sic] resulting in a net recovery of $19,666.67, (2) that the ". . . employer-insurer are entitled to a credit of said amount as advance payment of compensation for 307.29 weeks of death benefits at the rate of $64.00 per week; therefore employer-insurer are hereby directed to commence payment of death benefits to said dependents on December 4, 1980, . . ."; (3) that the employer-insurer paid $2,328.60 prior to the third party recovery and that the widow repaid that amount.

The referee also stated ". . . In the event of remarriage [of the widow] a lump sum equal to death benefits due for a period of two years shall be paid to said widow. In event of either death or remarriage the periodic death benefits shall cease unless there are other total dependents entitled to any death benefit as provided by Section 287.240(4)(A), VAMS."

Some few days after the referee's award and on January 31, 1976, Vickie Sue Followell married Donald Lee Ikerman in Cape Girardeau.[7]

Upon application to the Division of Workmen's Compensation to modify the award of January 20, 1976 on account of the remarriage of Mrs. Followell the referee on February 6, 1976, modified his award as follows:

(1) all death benefits accruing to the widow after December 4, 1980 are terminated as of February 1, 1976.

(2) the death benefits in the weekly sum of $48.00 due the widow on December 4,

1980 be paid to the two sons, Michael Jerome and Jeffrey Scott equally, ". . . so that said children will receive with the sum of $8.00 awarded to each of them by the award of January 20, 1976, the additional sum of $24.00 each, making a total weekly payment of $32.00, said payments to commence December 4, 1980."

(3) the death benefits due the children shall be paid to Vickie Sue Followell Ikerman, their natural mother for their support, maintenance and education.

(4) "It is further ordered that Vickie Sue Followell Ikerman be paid a lump sum equal to death benefits due for a period of two years ($48.00 × 104 weeks = $4,992.00) on account of her remarriage to Donald Lee Ikerman, January 31, 1976."

On February 24, 1976 appellants, Gary Koch and American States, filed an application for review with the Industrial Commission alleging that the referee's modified award in paragraph 4 ordering a lump sum for a period of two years following her remarriage was erroneous.

On December 21, 1976, the Labor and Industrial Commission unanimously modified the referee's modified award relating to the lump sum remarriage payment.[8] As to the lump sum remarriage payment the Commission held:

". . . (4) As provided by Section 287.240(4) Revised Statutes of Missouri, 1969, [sic] the widow is entitled to a lump sum payment of 104 weeks times her weekly benefit amount of $48.00 per week immediately after the date of her remarriage. However, Section 287.150(2) Revised Statutes of Missouri, 1969 provides for a credit upon a third party recovery for all sums paid or payable under Chapter 288 [sic] . . . . The Commission believes that the employer-

---

7. At the referee's hearing on January 15, Mrs. Followell admitted that she planned to marry Mr. Ikerman in the near future.

8. The Commission agreed with the referee's modified order of February 6, 1976 in all other respects except that it provided that the death benefits due the minor children after December 4, 1980 should terminate at the time the child becomes eighteen years of age.

insurer is entitled to a credit against the lump sum in this case because the lump sum payment upon remarriage is merely an advancing of the weekly benefit amount due the widow and the remarriage occurred on January 31, 1976 within the period in which the employer-insurer is entitled to a credit due to a third party recovery. Thus, the widow is entitled to $4,992.00 lump sum payment and the employer-insurer is entitled to a credit of $4992.00 as a result of the third party recovery against said lump sum payment."

In effect the ruling of the Commission is that although the respondent Mrs. Ikerman is entitled to the lump sum payment, the employer-insurer is entitled to a credit in the amount of the lump sum as a result of the third party recovery. In effect, therefore, the Commission held that since the remarriage occurred during the third party recovery credit period the employer-insurer is entitled to a credit of the lump sum remarriage payment. The Commission interpreted § 287.240(4) to be merely "an advancing of the weekly benefit amount due the widow . . ." in the two years following her remarriage, hence there was no obligation to pay the lump sum remarriage benefit to Mrs. Ikerman.

We interpret the order of the Commission as stating (1) although Mrs. Ikerman is entitled to the lump sum remarriage payment there is no obligation on the part of the employer-insurer to pay it to her because (a) section 287.150(2) provides that the employer-insurer is entitled to a credit for all sums paid or payable upon a third party recovery, (2) the employer insurer is entitled to a credit of the lump sum remarriage payment because it is an advancing of the weekly benefit amount due the widow, and (3) since the remarriage occurred during the third party recovery credit period the employer-insurer is entitled to a credit of the lump sum remarriage benefit.

In short, the Commission held that although Mrs. Ikerman is entitled to a lump sum remarriage payment since there was a third party recovery, the employer-insurer is entitled to a credit of the lump sum.

On January 5, 1977, Mrs. Ikerman appealed to the Circuit Court of Cape Girardeau County. On April 18, 1977, the court found that ". . . there is not sufficient competent evidence in the record to warrant said Industrial Commission in making said award . . .", reversed the Order of the Commission and reinstated the referee's modified award, awarding Mrs. Ikerman the lump sum remarriage benefit equal to the death benefits for a period of two years.

On appellants' application we granted transfer to review the question of the interpretation of § 287.240(4)(a) providing for the lump sum remarriage payment and its relation to § 287.150(2), which provides for credit to the employer upon a third party recovery.[9]

### III.

On this appeal the appellants contend that the circuit court erred in reversing the Industrial Commission because (1) the respondent, Mrs. Ikerman, had received a settlement from the negligent third party which covered all benefits due her under the workmen's compensation act, and (2) the trial court did not allow a credit for the lump sum remarriage benefit.

Appellants argue that § 287.150(2),[10] RSMo 1969 "is clear" that the employer is

---

9. In their application to transfer, appellants state that the Industrial Commission held that the appellants were entitled to be credited for the lump sum payment of 104 weeks because ". . . the remarriage occurred within the period in which the employer-insurer are entitled to a credit due to the third party recovery."

10. "2. When a third person is liable for the death of an employee and compensation is paid or payable under this chapter, and recovery is

had either by judgment or settlement for the wrongful death of the employee, subject to subsection 3, the employer shall receive or have credit for all sums paid or payable under this chapter to any one or all of the dependents of the deceased employee to the extent of the settlement or recovery for the wrongful death, whether or not one or all of the dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one or all

to be credited for all sums paid or payable under the chapter.

The widow-respondent on the other hand contends that (1) the Industrial Commission in awarding a credit of $4,992.00 for the remarriage benefit in addition to the $19,666.67 third party recovery would result in a total credit of $24,658.67 despite a third party recovery of $19,666.67, (2) the legislative intent in adopting § 287.240(4)(a) was to discourage the tendency of widows to "live out of wedlock" rather than remarry and lose their weekly benefits and (3) § 287.150(2), while it does provide that the employer is entitled to receive or have credit for all sums paid or payable to the dependents the section provides that such credit is "to the extent of the settlement or recovery for the wrongful death."

The Missouri Association of Trial Attorneys filed an amicus brief urging us to adopt the position of the respondent that the Industrial Commission erred in allowing credit for the lump sum payment because it would allow a credit in excess of the third party recovery which under § 287.150(2) limits the credit to the extent of the settlement or recovery for the wrongful death, and because § 287.240(4)(a) requires that the lump sum payment be *paid* (not set off) to the widow. Amicus also urges us to reexamine the *Ruediger* formula in *Ruediger v. Kallmeyer Brothers Service,* 501 S.W.2d 56 (Mo. banc 1973) of apportioning the share of the expenses of recovery of a third party recovery under § 287.150(3), RSMo 1969.[11]

IV.

In the resolution of this proceeding we are not bound by the principle that we are not to substitute our judgment for that of the Commission when there is substantial evidence supported by the record. Where a ruling is based upon an interpretation of law, we are not bound by the Commission's ruling. *See Brotherton v. International Shoe Company,* 360 S.W.2d 108, 111 (Mo.App.1962). Furthermore, where the facts are not disputed the award that should be entered by the Commission becomes a question of law and the Commission's ruling is not binding on the appellate court. *Corp. v. Joplin Cement Company,* 337 S.W.2d 252, 258 (Mo. banc 1960). Here the facts are not disputed and thus the question becomes one of the application of the law to the facts.

V.

The issue which we must therefore determine is whether the widow is entitled to the lump sum remarriage benefit when there has been effected a third party recovery in excess of the remarriage benefit and the widow remarries within the credit period.

The General Assembly adopted the provisions for the lump sum remarriage benefit in 1974. (Laws 1974, pp. 853, 861). That provision did not exist prior to that time. *Yardley,* decided this date, notes that the legislative intent regarding this benefit was to encourage, or at least not discourage,

of the dependents could have maintained the action or claim for wrongful death."

11. As to this issue we decline to do so at this time. In *Ruediger,* we held that § 287.150(3) requires the following method of calculation: (1) the expenses of the third party litigation should be deducted from the third party recovery; (2) the balance should be apportioned in the same ratio that the amount paid by the employer at the time of the third party recovery bears to the total amount recovered from the third party; (3) the amounts due each should be paid forthwith; (4) the amount paid the employee should be treated as an advance payment on account of any future installments of compensation; and (5) in a case such as

presented here, the employee should be entitled to future compensation benefits in the event the amount paid him as an advance is exhausted under the provisions of the statute. The parties here have not at any stage of this proceeding argued or presented this issue. That issue has never been injected into this proceeding except by amicus. The question of the proportionate share of the expense of recovery is not a point in this case and neither party has appealed this issue nor is it in controversy. The only issue in this proceeding is whether the appellants are entitled to a credit of the lump sum remarriage benefit. As we stated in *Ruediger,* we again urge the General Assembly to address itself to the problem.

widows from remarrying or delaying remarriage because of her monetary entitlement to benefits as a widow for the rest of her life. The General Assembly may well have had other reasons for the adoption of the benefit. Prior to the 1974 amendment, the employer's liability was essentially limited to $22,500 payable to the total dependents (widow and minor children) plus certain expenses. Section 287.240, RSMo Supp. 1973, pp. 652–653. The interest of the employer in whether the widow remarried and thereby terminated his obligation to pay compensation was minor compared with the same interest under the greatly expanded open-ended liability to pay the widow a weekly sum for the rest of her life. From a practical standpoint, the remarriage payment was adopted as a legislatively imposed, arbitrary "settlement" of the future liability of the employer to the widow. In this way, the employer's obligation to the widow could be terminated and by remarrying she would not be losing all of her remaining monetary entitlement.

In the instant case, the widow was entitled to receive $48 per week for the rest of her life. She was born on February 14, 1949, and was 26 years old at the time of her husband's death on January 8, 1975. Even under the old mortality tables, 42 V.A.M.S. 801, she had a life expectancy of 43.21 years, according to the U.S. Total Population Table. During that expectancy, the employer would have paid over $107,000 to her at the rate of $48.00 per week had no third party recovery been had. Remarriage ends the obligation to pay death benefits to the widow. The employer was relieved of that liability upon remarriage.

The Labor and Industrial Relations Commission held that the remarriage payment was "an advancing of the weekly benefit amount due the widow." This concept, however, has been rejected in *Yardley*. There the Commission considered the remarriage payment to be an advancement of periodic death benefits but this court rejected that conclusion, thus emphasizing the independent character of the remarriage payment and that the payment is not an "installment of compensation."

Under § 287.150(2), 'When a third person is liable for the death of an employee and compensation is paid or payable under this chapter, and recovery is had . . . for the wrongful death of the employee, *subject to subsection* 3, the employer shall receive or have credit for all sums paid or payable under this chapter to any one or all of the dependents of the deceased employee to the extent of the settlement or recovery for the wrongful death, . . . ." (Emphasis added).

Subsection 3 provides that when a third-party recovery is made, the employer shall pay certain expenses and, among other things, provides that "any part of the recovery [obtained from the third party] paid to the employee or his dependents under this section shall be treated by them as an advance payment by the employer *on account of any future installments of compensation* [due from the employer.]" (Emphasis added).

In *Yardley,* we considered the remarriage benefit to be separate and distinct from installment compensation benefits and held that the children's receipt of their mother's share would not be delayed for a two-year period but must be paid to the children immediately. *Yardley* considered the remarriage payment to be a matter separate and apart from ordinary compensation benefits, and that the remarriage payment is not an installment of compensation. Neither does it represent an advance payment of future installments of compensation. Thus, § 287.150(2) which by its terms is subject to § 287.150(3) does not require payments which are not installments of compensation to be credited against the third party recovery. Therefore, the remarriage payment, not being an installment of compensation, nor representative of future installments which the widow would be entitled to receive cannot be used as an offset against the third party recovery credit nor can the outstanding credit in the employer's favor, because of the third party recovery, justify the nonpayment to the widow of the lump sum remarriage benefit required by

§ 287.240(4)(a). This section is an independent and separate section which provides that in the event of remarriage a lump sum payment "shall be paid to the widow or widower."

There is nothing which precludes such payment in the event of a third party recovery. There is nothing in § 287.240(4)(a) which authorizes credit to be given. The statute does not say, as it could, that when a third party recovery is effected for the wrongful death of the employee and the widow[er] remarries within the credit period, the widow[er] shall not be entitled to a lump sum remarriage benefit.

We hold that under the facts and under the present statutes (1) the respondent Mrs. Ikerman is entitled to be paid a lump sum remarriage payment in an amount equal to the benefits due for a period of two years despite the fact that there was a third party recovery, and (2) the appellants are not entitled to a credit for the lump sum payment although the remarriage occurred during the credit period.

The circuit court did not err in reversing the Commission's award and reinstating the referee's modified award.

The judgment is affirmed.

MORGAN, C. J., BARDGETT, RENDLEN and SEILER, JJ., and WELBORN, Special Judge, concur.

DONNELLY, J., dissents.

WELLIVER, J., not participating because not a member of the Court when cause was submitted.