Jason ASH, Deceased, Employee,

Tiffany Ash, Casey Ash, and Lydia Ash, Dependents–Respondents,

v.

MILLENNIUM RESTORATION & CONSTRUCTION, Employer–Appellant.

No. SD 32381.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 27, 2013.

---

Thomas V. Clinkenbeard, Kansas City, MO, for Appellant.

Patrick J. Platter, Springfield, MO, for Appellant.

DON E. BURRELL, J.

This appeal requires us to interpret, using strict construction, section 287.240(4)(a).[1] In a single point relied on, Millennium Restoration & Construction ("Employer") claims the Labor and Industrial Relations Commission ("Commission") erred in calculating the remarriage benefit due Tiffany Ash ("Spouse") based on the plain wording of the statute. Because we find that the Commission correctly interpreted the statute, we affirm its award.

## Applicable Principles of Review and Governing Law

▮ We review the award of the Commission to determine whether it is supported by sufficient competent and substantial evidence upon the whole record. Mo. Const. art. V, § 18; *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). The claim was presented to the Commission on stipulated facts, and the interpretation or application of the statute "is a question of law we resolve *de novo* without deference to the Commission's judgment." *Davidson v.* *Missouri State Treasurer*, 327 S.W.3d 583, 585 (Mo.App. S.D.2010) (en banc).

## The Stipulated Facts

Spouse's former husband, Jason Ash, was fatally injured when he fell down an elevator shaft while working for Employer. He was survived by Spouse and their two young children. After her husband's death, Spouse filed a claim for compensation. On January 21, 2009, the Commission issued its decision awarding a weekly death benefit in the amount of $742.72. The award allocated $495.15 per week of the benefit to the children and $247.57 per week to Spouse.

Spouse remarried on December 9, 2011. On October 3, 2012, the Commission issued a decision modifying its previous award pursuant to section 287.240(4)(a). The Commission interpreted the statute as granting Spouse a remarriage benefit "equal to the entire death benefit due for a period of two years[:]" a lump-sum payment of $77,242.88 (the $742.72 weekly death benefit times 104 weeks). Employer timely appealed.

## Analysis

Employer's point claims the Commission should have calculated Spouse's remarriage benefit using only the portion of the weekly death benefit allocated to her, not the entire weekly death benefit. As the parties have been unable to direct us to any cases that are directly on point, this appears to be a matter of first impression.

The governing statute reads as follows: The word 'dependent' as used in this chapter shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his or her wages at the time of the

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

injury. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee, and any death benefit shall be payable to them to the exclusion of other total dependents:

(a) A wife upon a husband with whom she lives or who is legally liable for her support, and a husband upon a wife with whom he lives or who is legally liable for his support; provided that on the death or remarriage of a widow or widower, the death benefit shall cease unless there be other total dependents entitled to any death benefits under this chapter. In the event of remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow or widower. Thereupon the periodic death benefits shall cease unless there are other total dependents entitled to any death benefit under this chapter, in which event the periodic benefits to which such widow or widower would have been entitled had he or she not died or remarried shall be divided among such other total dependents and paid to them during their period of entitlement under this chapter[.]

Section 287.240(4).

As appropriately expressed by the Commission, the requirement that "[i]n the event of remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow or widower" presents the following question for our resolution:

Does the clause "the benefits due for a period of two years" mean the entire death benefit due for a period of two years? Or, does it mean the value of only that portion of the death benefit that was allocated by the administrative law judge to the widow or widower as

surviving spouse for a period of two years?

We find, as did the Commission, that it requires the former.

"The primary rule in statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *Nelson v. Crane,* 187 S.W.3d 868, 869–70 (Mo. banc 2006). The law applicable to this case includes the 2005 amendment to the Workers Compensation Act that requires reviewing courts to strictly construe the Act's provisions. Section 287.800.1, RSMo Cum.Supp.2005.

> Strict construction means that a statute can be given no broader application than is warranted by its plain and unambiguous terms. The operation of the statutes must be confined to matters affirmatively pointed out by its terms, and to cases which fall fairly within its letter. A strict construction of a statute presumes nothing that is not expressed.

*Robinson v. Hooker,* 323 S.W.3d 418, 423 (Mo.App. W.D.2010) (citations and quotations omitted). Strict construction requires "that everything shall be excluded from [the statute's] operation which does not clearly come within the scope of the language used." *Allcorn v. Tap Enters., Inc.,* 277 S.W.3d 823, 828 (Mo.App. S.D. 2009).

Section 287.240 does not contain any language which expressly indicates that the remarriage benefit should be calculated based only on the amount of the weekly death benefit attributable to the remarrying spouse. If we were to interpret, as suggested by Employer, the phrase "the benefits due for a period of two years" to mean the benefits due *to the spouse,* we would be adding by implication a limitation not expressed in the statute. "The legislature is presumed to have intended what the statute says, and if the language used is clear, there is no room

for construction beyond the plain meaning of the law." *State ex rel. KCP & L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14, 17 (Mo.App. W.D.2011).

■ Employer points out that the very next sentence in section 287.240(4)(a) references "the periodic benefits *to which such widow or widower would have been entitled* " and argues that the two sentences must be considered together. Employer correctly notes that an act's provisions must be construed together and harmonized if possible. *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992). The referenced sentence states:

> Thereupon [the "upon" being the remarriage of the surviving spouse] the periodic death benefits shall cease unless there are other total dependents entitled to any death benefit under this chapter, in which event the periodic benefits to which such widow or widower would have been entitled had he or she not died or remarried shall be divided among such other total dependents and paid to them during their period of entitlement under this chapter[.]

Section 287.240(4)(a).

A careful reading of the provision reveals that the prior sentence references the *remarriage* benefit (a lump-sum benefit), while the latter sentence references only the weekly *death* benefit (a periodic benefit). Specifically, it addresses how a periodic death benefit may continue to be paid to other total dependents after a lump-sum remarriage benefit has been awarded. Our supreme court has made clear that "the [remarriage] benefit in subsection 4(a) constitutes a separate benefit unrelated to death benefit installment compensation award." *Yardley v. Montgomery*, 580 S.W.2d 263, 270 (Mo. banc 1979). Because the two sentences reference fundamentally different benefits, we cannot impose the statutory qualification for one upon the other.

■ We must therefore reject Employer's proposal and instead read in isolation the sentence "In the event of remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow or widower" because it is the only sentence in section 287.240 that addresses the remarriage benefit. Section 287.240(4)(a). For that reason, it alone determines when or how the remarriage benefit is to be calculated and paid. In addition, the legislature specifically chose to include the qualifying language "to which such widow or widower would have been entitled" in addressing the weekly death benefit, but it imposed no such limitation in reference to the remarriage benefit. "It is presumed that the legislature intended that every word, clause, sentence, and provision of a statute have effect. Conversely, it will be presumed that the legislature did not insert idle verbiage or superfluous language in a statute." *State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513, 519 (Mo. banc 2009) (quoting *Hyde Park Housing P'ship v. Director of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993)). We therefore presume that the failure to impose such a limitation in explaining how the remarriage benefit should be calculated was intentional.

In support of an alternative argument, Employer notes that in the few cases that have addressed section 287.240(4)(a), the remarriage benefit was calculated based only upon the amount of the weekly death benefit allocated to the surviving spouse. *Yardley*, 580 S.W.2d at 266; *Battles v. Massman Constr. Co.*, 580 S.W.2d 280, 281 (Mo. banc 1979); *Ikerman v. Koch*, 580 S.W.2d 273, 276 (Mo. banc 1979); *see also Mouser v. St. Joe Minerals Corp.*, 709 S.W.2d 950, 951–52 (Mo.App. S.D.1986). Although Employer acknowledges that

none of these cases are directly on point—the method used to calculate the remarriage benefit was not challenged on appeal in any of them—it reasons that because the benefit calculation used in those cases was *not* challenged or scrutinized, the reviewing court implicitly authorized the method used. In addition to the general danger of inferring approval of actions or rulings not challenged on appeal, the argument also ignores that the language of section 287.240(4)(a)—although unchanged since its addition in 1974—"was narrowed by the new lens of strict construction" as a result of the 2005 amendments to the Workers Compensation Act. *Robinson,* 323 S.W.3d at 424. The cited cases all predate those amendments, thereby significantly reducing whatever persuasive value we might otherwise have attributed to them.

In the instant case, we must strictly construe "the benefits due for a period of two years"; we cannot give the phrase a broader application than is warranted by its plain language or presume a limitation that is not expressed. As a result, the Commission correctly interpreted the law when it found that section 287.240(4)(a) required that Spouse's remarriage benefit be calculated using the entire death benefit—not just the portion allocated to her. Employer's point is denied, and the award of the Commission is affirmed.

DANIEL E. SCOTT, P.J., and MARY W. SHEFFIELD, J., concur.