In the Matter of the Claim of ANNA DI DONATO, Respondent, against MORRIS ROSENBERG et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued January 9, 1934; decided February 27, 1934.)

*Joseph F. Donovan, Alfred W. Andrews* and *H. Dudley Bierau* for appellants. The action of the State Industrial Board in increasing the rate of death benefits to the surviving children under the age of eighteen years requires the insurance carriers to pay death benefits in an amount in excess of sixty-six and two-thirds percentum of the average weekly wages of the deceased, which is contrary to the provisions of subdivision 2 of section 16 of the Workmen's Compensation Law (Cons. Laws, ch. 67). (*Matter of Plouff* v. *Port Henry L., H. & P. Co.,* 225 App. Div. 704.) The Appellate Division was in error, as matter of law, in affirming the award. (*Ziegler* v. *Pictorial Review Co.,* 216 App. Div. 614; *Carlin* v. *Lockport Paper Co.,* 214 App. Div. 354.)

*John J. Bennett, Jr., Attorney-General* (*John R. O'Hanlon* of counsel), for State Industrial Board, respondent. The award increasing the compensation payable to the minor children is in accordance with subdivision 2 of section 16 of the Workmen's Compensation Law, and is proper. (*King* v. *New York, O. & W. Ry. Co.,* 213 App. Div. 509.)

CROUCH, J. In 1923 Jerry Di Donato died as a result of accidental injuries arising out of and in the course of his employment. An award for death benefits was made to the widow and to eight children under the age of eighteen years. The widow received a weekly compensation of $8.05 and each child $1.32, the aggregate

being sixty-six and two-thirds percentum of the average wages of the deceased. That was the maximum compensation under the provisions of section 16, subdivision 2, of the Workmen's Compensation Law (Cons. Laws, ch. 67). Subsequently, as each of the older children reached the age of eighteen years, the rate to the remaining children was increased proportionately so as to keep the total compensation at the statutory maximum.

On June 25, 1928, all future installments of the widow's compensation were commuted to one lump sum under section 25 of the Workmen's Compensation Law. The commuted sum of $7,231.01 represented the then present value of her award during her full expectancy of life based upon the survivorship annuitant's table of mortality as provided in section 27 of the Workmen's Compensation Law.

The widow died on July 23, 1932, and on July 29, 1932, an award was made increasing the compensation of the five children then under the age of eighteen years, so that each received $3.85 per week or thirteen and one-third percentum of the average wages of the deceased. The appeal is from that award. It is contended that the effect thereof is illegally to compel the payment of death benefits in excess of the statutory maximum of sixty-six and two-thirds per centum of the average wages of the deceased.

While the Workmen's Compensation Law is to be liberally construed to serve the social need underlying it, it may not be stretched beyond the limits established by the Legislature, even in cases of hardship. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100, 105.) Article 2 of the Law, dealing specifically with the subject of compensation, is instinct with the legislative intent generally to limit the liability of the employer to sixty-six and two-thirds per centum of the average wages of the injured employee during disability or for fixed maximum periods. In case of death, we find the same limitation of liability to the

surviving wife and children. Section 16, subdivision 2, as it stood when the original award in this case was made, read in part as follows: " If there be a surviving wife * * * and no child of the deceased under the age of eighteen years, to such wife * * * thirty percentum of the average wages of the deceased during widowhood * * * with two years' compensation in one sum, upon remarriage; and if there be a surviving child or children of the deceased under the age of eighteen years, the additional amount of ten percentum of such wages for each such child until the age of eighteen years; in case of the subsequent death or remarriage of such surviving wife * * * any surviving child of the deceased employee, at the time under eighteen years of age, shall have his compensation increased to fifteen percentum of such wages, and the same shall be payable until he shall reach the age of eighteen years; provided that the total amount payable shall in no case exceed sixty-six and two-thirds percentum of such wages."

It has been properly held that the two years' compensation in one sum, payable to the widow on remarriage, is simply an advance payment in a lump sum and must be considered in determining benefits to surviving children so as to keep the total benefits within the statutory limitation. (*Carlin* v. *Lockport Paper Co.*, 214 App. Div. 354.) We can see no distinction in principle between that case and this, although the same court has reached a contrary conclusion.

The limitation is absolute. It has, in effect, so been held in cases arising under subdivision 4 of the same section. (*Matter of Plouff* v. *Port Henry Light, Heat & Power Co.*, 225 App. Div. 704; affd., 250 N. Y. 616; *Ziegler* v. *Pictorial Review Co.*, 216 App. Div. 614.) The command of the statute is that in no case shall the total amount payable exceed sixty-six and two-thirds percentum of the average wages of the deceased. Instead of a lump sum for two years, the widow here received a lump sum

for the full expectancy of her life, extending well beyond the time when the youngest child will become eighteen years of age. The practical effect is the same as though the widow still lived and received her compensation weekly. The contingencies of death and remarriage with their statutory consequences were deleted under the facts here by the commutation. Any other construction would exact payment beyond the limit of liability. The benefits to the widow and those to the children, while separately fixed by the award, may not be treated as separate entities. It is reasonably clear that when the commutation was made, it was with an eye to the welfare of the children as well as to that of the widow. (Cf. *Matter of Di Donato* v. *Rosenberg*, 221 App. Div. 624.) The family as a family was to be kept intact and provided for by the authorized use of the commuted fund, as well as by the compensation to the children. We may assume, perhaps, that the beneficial results of the disposition so made continue to inure to the children, notwithstanding the death of the mother. If not, it is due to a defect either in the law or in its administration, which may not be remedied by the compulsion of an unauthorized award.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the former award reinstated, with costs in this court and in the Appellate Division against the State Industrial Board.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not voting.

Ordered accordingly.