C. N. BRUCE, RESPONDENT, v. MISSOURI-KANSAS & TEXAS RAILROAD COMPANY, APPELLANT.—73 S. W. (2d) 425.

Kansas City Court of Appeals.   June 11, 1934.

*Joseph Boxerman* for respondent.

*Carl S. Hoffman* and *Montgomery, Martin & Montgomery* for appellant.

TRIMBLE, J.—This case, brought under the Workmen's Compensation Act, is here on appeal from a judgment affirming a final award made by the compensation commission granting additional compensation to plaintiff, an injured employee of defendant, because of a "change in condition" in said employee, who was injured on May 30, 1927, while working for his employer in the latter's rock quarry.

On June 20, 1927, as *stated in appellant's abstract* of the record, "this proceeding was commenced before the Missouri Workmen's Compensation Commission by the filing of a temporary agreement for compensation" by which the defendant employer agreed, in paragraph 9, "to furnish the injured employee medical aid as provided in said Act, and pay plaintiff $20 per week, commencing May 30, 1927, until the parties otherwise agree or until either party notifies the other in writing of his refusal to continue to pay or accept the said weekly payments.

10. "Any differences between the said weekly payments and the compensation which may be due under said Act shall be refunded and taken care of when a final agreement or award is made.

11. "All of the foregoing is subject to the provisions of said Act and is payable and may be modified as therein provided.

. . . . . .

13. "Reasons why final agreement is not made: Employee has not recovered from his injuries and will probably be disabled several months."

The compensation of $20 per week agreed upon was paid in accordance with said agreement until April 27, 1928. Prior to that date and on February 23, 1928, two physicians, one the employer's and the other the employee's, filed a joint report on their joint examination of said employee, which after describing his injured condition, said:

"This man's shoulder, leg and clavicle in fair condition. His disability due to crushed hand and forearm.

"The injury to these parts 'listed above' are not amenable to surgical treatment, unless an open method is used for adjusting the radius.

"This might improve the use of the forearm some and he might in time be able to use his crippled hand to a better advantage.

"But the condition of the hand will always preclude the possibility of his performing normal manual labor."

On said April 17, 1928, the commission wrote to plaintiff and defendant as follows:

"In conference held between commissioner Shaw and the parties concerned in Sedalia, Missouri, on Friday, April 6th, the compensation due the employee for his permanent partial disability, was rated at two hundred weeks at twenty dollars a week, and payment of the balance of compensation due, in a lump sum settlement, was approved.

"Our file indicates that the employee has been paid nine hundred and twenty-two dollars and eighty-six cents ($922.86) or forty-six and one-seventh weeks compensation, leaving a balance due of one hundred and fifty-three and six-sevenths weeks or three thousand seventy-seven dollars and fourteen cents ($3077.14) the present commuted value of same being 145.2105 weeks or two thousand nine hundred and four dollars and twenty-one cents ($2904.21).

"Upon payment of the balance due the employee in accordance with the above figures, a final receipt for compensation on the enclosed Form 2, showing a total compensation payment of $3827.07 should be properly executed by the parties concerned and filed with this office."

On May 4, 1928, plaintiff filed with the commission "final receipt for compensation," the material or pertinent part of which is as follows:

"Received of MKT RR. Co. two thousand nine hundred four ....
........ & ............21/100 dollars ($2,904.21) making, with payments previously received, a total of three thousand eight hundred twenty-seven ........ & ........07/100 dollars ($3,827.07) in consideration whereof said employee (or his dependents) hereby releases and discharges Missouri-Kansas-Texas RR. Company from all liability under the Missouri Workmen's Compensation Act by

reason of said accident, *subject to review as provided in said Act*."
(Emphasis supplied.)

The amount agreed upon was paid to and received by plaintiff.

June 18, 1929, plaintiff wrote to the commission requesting that his case be "reopened on the grounds of 'increased disability.' " The commission replied that—

"A review of our file shows that the employer paid 200 weeks compensation as per commissioner Shaw's rating, made at Sedalia, Missouri, on April 6, 1928, and that all but 46 1/7 weeks a said rating was paid in a lump sum as authorized by our office in our letter dated April 17, 1928.

"As for the matter of reopening the case at this time, on the grounds of a change in condition, we wish to advise that had the employee received his compensation for 200 weeks in weekly installments as provided by law the period covered by the 200 weeks would have extended to approximately March 1, 1931. Therefore, even though the employee may be able to prove additional disability he would be entitled to no more compensation until 200 weeks after the date of the injury.

"We would suggest, therefore, that, if on March 1, 1931, the employee still feels that his permanent partial disability warrants payment of more than 200 weeks compensation, he again take the matter up with this office as there is nothing that can be done at this time."

February 26, 1931, plaintiff again wrote the commission saying he had been sick most of the time was the reason "I have not taken up with you about reopening my case again;" that he enclosed his doctor's report of his condition and expressed the hope that the reopening on the ground of increased disability be started soon.

Thereafter on March 10, 1931, the commission wrote to both plaintiff and defendant requesting that—

"The employee in this case and the employer's representative call at the Courthouse, Sedalia, Missouri, for conference before Mr. D. R. Jennings, referee, relative to the employee's further claim on account of increased permanent partial disability, on Friday, March 27, 1931, at 1:00 P. M."

The hearing on claim for additional compensation was heard on June 2, 1931, by referee Jennings, at which the parties agreed that defendant had paid plaintiff, under the temporary agreement, compensation for 200 weeks at the rate of $20 per week amounting, at its commuted value, to a total of $3,827.07, the last payment being made on May 2, 1928, in a "lump sum settlement" paid as of that date, duly approved by the commission.

At the opening of the hearing of witnesses on the question of change of condition and increased compensation, defendant formally objected to the holding of the hearing and to the introduction of any

testimony for the reason the claim is barred by the statute of limitation and, as no formal answer had been filed, leave was asked and granted to file an answer raising that defense and denying any increase in disability. The objection that said claim was barred was overruled.

The hearing of testimony then proceeded and being completed, the referee found for defendant and denied plaintiff additional compensation for the reason that—

"The employee failed to file his claim for compensation within the time prescribed by Section 3337, Revised Statutes of Missouri, 1929. [See Mathilda Higgins v. Heine Boiler Co., and U. S. Casualty Co. (Mo. Sup. not yet reported).] Furthermore it is my opinion from the evidence that the employee has been fully compensated for all disability sustained as a result of the accident."

This finding and award of the referee made on June 26, 1931, was reviewed by the commission on June 30, 1931, and the commission made a final award on review, finding—

"In favor of the above employer and insurer and against the above employee and award no additional compensation for the above accident.

"We find from the evidence that the employee failed to file a claim for compensation within six months of the date of the last payment of compensation, and this commission has no jurisdiction over the proceedings."

From this award or order denying additional compensation, the plaintiff appealed to the circuit court where the judgment or order of the commission was reversed, or set aside, and the cause was remanded to the commission for a rehearing thereon, on the ground, as the judgment of the circuit court recites, that—

"The commission acted without and in excess of its powers in holding the plaintiff's claim was barred by the statute of limitations."

In obedience to the circuit court's order in the remand, plaintiff's claim was again heard and the commission this time found in favor of plaintiff and made an award "for permanent partial disability" in the sum of $20 per week for 400 weeks "to begin as of May 30, 1927, and to be payable and be *subject to modification and review as provided in said Act*, subject to credits for $4000 previously paid employee." (Emphasis supplied.)

An appeal was immediately taken by defendant to the circuit court where, on December 15, 1932, the court rendered judgment approving and confirming the last above mentioned award of the commission. Whereupon, defendant employer appealed to this court.

The injury having occurred on May 30, 1927, the employee had six months from that time, or until November 30, 1927, to file claim therefor with the compensation commission. The original filing of

a claim within six months is jurisdictional; and it is well settled that if claim is not so filed within that time it is barred. [Sec. 3337, R. S. Mo., 1929; Perry v. J. A. Kress & Sons, 49 S. W. (2d) 220.] As heretofore stated, a temporary agreement for compensation was filed with the commission on June 20, 1927, amply within the required six months. This is rightfully held to be the filing of a claim within the time required by said section. [Perry v. Kress & Sons, supra.] Indeed, appellant's abstract, in effect if not in express words, concedes this, for it recites that "this proceeding was commenced before the Missouri Workmen's Compensation by the filing of a temporary agreement for compensation." The commission acted upon this and approved the terms thereof and $20 weekly payments were made thereunder as shown in the hereinabove made statement of facts. So that it cannot be held that the present claim of additional compensation on a "change of condition" must be denied because the claim in the first instance, or the original claim, was not filed within six months after the injury.

Appellant raises the point that the claim as filed with the commission was a compromise agreement between the parties, and being approved by the commission, was a compromise *settlement* of the claim which was paid by the lump sum of $3827.07 and, therefore, the commission was without jurisdiction to reopen the case and make any further award on the ground of a change in condition. The trouble with this contention is that the record does not show it was a final settlement. It was a mere commutation into a lump sum payment of the $20 weekly payments awarded. Even the receipt given for the lump sum commutation closes with the words, "subject to review as provided in said act," which words, in a similar receipt, were held in State ex rel. Saunders v. Missouri Workmen's Compensation Comm., 63 S. W. (2d) 67, 68-9, to negative the idea of a settlement under Section 3333, Revised Statutes of Missouri, 1929. In the case at bar we do not find any evidence (as in Brown v. Corn Products Refinding Co., 55 S. W. (2d) 706), showing that to be the intention. We have not overlooked appellant's claim that respondent's evidence shows that such was his intention, but it is clear that his evidence, taken as a whole, will not bear such a construction. In fact, if there *is* evidence showing an increase of disability or "a change in condition," and there is *no* evidence of a *voluntary settlement* as provided for in Section 3333, appellant's point is wholly untenable and cannot be upheld, that, as a matter of law, the commission is without power to reopen the case and grant additional relief because of a change in condition. Of course, such change must be a material and substantial change. [Sei v. A. Guthrie & Co., 50 S. W. (2d) 664; Hassell v. C. J. Reinicke Lumber Co., 54 S. W. (2d) 758; Tabacchi v. Garavelli, 52 S. W. (2d) 567.]

But appellant cites the Saunders case hereinabove mentioned (63 S. W. (2d) 67), and says that, under it, plaintiff, in the case at bar, has not filed his claim for additional compensation based on a change in condition within the time fixed by Section 3337, namely, "within six months from the date of the last payment." If the facts in the case at bar are, as appellant employer claims, "identical with those in the Saunders case," then, of course, the injured employee (plaintiff) is not entitled to the claim he seeks, not having applied therefor within the required time.

But the facts herein are not the same as in the Saunders case. In the first place, in the Saunders case, employee and employer, on March 4, 1928, "were of the opinion that the disability had ended" (63 S. W. (2d), l. c. 69), and up to that time the payments made were voluntary, but even then, the court holds that, had claim for additional compensation on a change in condition been filed within the six months from the last payment required by Section 3337, the claimant would have been entitled thereto and the commission would have had power to grant it. In the case at bar, the first award of $20 per week was made under a temporary agreement, and these payments were made until April 27, 1928, and prior to that, on April 6, 1928, the commission *rated* the compensation for partial disability at $20 per week for 200 weeks and suggested a commuted sum for the rest of said 200 weeks not yet elapsed or paid for, and on May 4, 1928, a receipt for the commuted value was given, but as heretofore shown, this was in no sense a *final settlement* of the case. The award of $20 per week for 200 weeks was made by the commission, and this extended the weekly payments of $20 to March 1, 1931, as stated by the commission. On June 18, 1929, or one year, eight months and thirteen days *before* that date, plaintiff employee applied, in writing, to the commission to reopen the case on the ground of "increased disability," or in other words, "a change in condition," to which the commission replied that such claim could not be entertained until at the end of the 200 weeks, but that it could be taken up at that time, to-wit, March 1, 1931. Before even that time arrived plaintiff employee, on February 26, 1931, wrote the commission enclosing the doctor's report on his condition, urging that the reopening on change of condition be had soon. The commission on March 10, 1931, notified both sides to appear March 27, 1931, and the hearing of said claim for additional compensation was heard on June 2, 1931, by the referee, and by the full commission on June 30, 1931, and denied on the ground that employee "failed to file a claim for additional compensation within six months of the date of the last payment of compensation, and this commission has no jurisdiction."

Now, in the Saunders case, supra (63 S. W. (2d) l. c. 69), Judge GANTT says of Section 3340 that it "contemplates awards of con-

tinuing payments of fixed amounts on issues pending before the commission. . . . *It is a matter pending with the commission during said time.*" (Emphasis supplied.) In other words, when the commission fixed the award at $20 per week for 200 weeks which term ended on March 1, 1931, that fixed the time *for jurisdiction purposes* when the "last payment" would be made, and the fact that, under the suggestions of the commission, the payments were commuted into a "lump sum," did not restrict the time within which a claim for additional compensation on change in condition could be filed. The commutation was a cash settlement for the unpaid weekly payments ending in the week closing on March 1, 1931. The commission itself recognized this when it wrote plaintiff, the injured employee, that it could not consider the matter of additional compensation on a change in condition, until that time.

We need express no opinion on the contention or theory that the limitations in Section 3337 apply only to an *original* proceeding and not to a review on a change in condition under Section 3340. As we read it, the holding in the *Saunders* case, supra, is expressly to the contrary. But the facts in the Saunders case are so wholly different from the case at bar that we cannot regard it as decisive of this case on the ground that plaintiff, injured employee, is barred by limitation.

It has been suggested that what was done in the case before the application for additional compensation on the ground of a change in condition was made, is not an award of the commission. We think the facts as stated hereinbefore show that it was. The decision of what was to be done, and the length of time, was "rated" or determined upon by the commission, and this made it an award. No technical language is necessary to create an award. [2 R. C. L., sec. 28, p. 382; 5 C. J., sec. 261, p. 113.] The filing of the temporary agreement for compensation was the filing of a claim and gave the commission jurisdiction or power to entertain the matter. [O'Malley v. Mack International Trust Corporation, 31 S. W. (2d) 554.] In making a claim for additional compensation on account of a "change in condition," plaintiff employee was not required to file a formal claim or with the supposed formality of an original claim. All he is required to do is to make "*application*" to the commission therefor. [Section 3340.]

If the reasoning of the above and foregoing opinion is correct, it follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.