In the Matter of the Claim of DOLORES APPELLANIS RICE, on Behalf of Her Minor Child, JOHN THOMAS RICE, on Account of the Death of THOMAS J. RICE, Deceased Employee, Respondent, against WILLIAM WRIGLEY, JR., COMPANY, INC., Employer, and THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 29, 1942.

*Charles P. Barre*, for the appellants.

*John J. Bennett, Jr., Attorney-General [John F. Loehr, Assistant Attorney-General*, of counsel], for the State Industrial Board.

*Arnold La Guardia*, for the claimant, respondent.

Award affirmed, with costs to the State Industrial Board.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur; FOSTER, J., dissents, in an opinion in which BLISS, J., concurs.

FOSTER, J. (dissenting). The employer and insurance carrier herein appeal from a decision of the State Industrial Board which held decedent's minor child to be entitled to an award of fifteen per cent of decedent's wages. The sole question involved is whether

the award should have been computed on this basis or on a basis of ten per cent of decedent's wages.

The deceased employee was a traveling salesman. On September 15, 1937, he received fatal injuries, arising out of and in the course of his employment, in an airplane accident near Lima, Peru. He had married in Puerto Rico in 1931, and the child of this marriage is the infant to whom an award has been made. Decedent left Puerto Rico in 1933 and apparently his wife then lost track of him for they did not live together thereafter. She did not learn of his death until more than two years after the accident, and her claim for death benefits on behalf of herself and her infant son was not filed until July 25, 1940. The State Industrial Board disallowed her claim on the ground that the same was not filed within the time prescribed by section 28 of the Workmen's Compensation Law. It made an award, however, to the infant, as heretofore indicated, based upon fifteen per cent of the decedent's wages.

The Workmen's Compensation Law (§ 16, subd. 2) provides for death benefits in part as follows: " If there be a surviving wife * * * thirty per centum of the average wages of the deceased * * *; and if there be a surviving child * * *, the additional amount of ten per centum of such wages * * *; *in case of the subsequent death or remarriage of such surviving wife * * * any surviving child of the deceased employee, at the time under eighteen years of age * * * shall have his compensation increased to fifteen per centum of such wages * * *.*"

Subdivision 3 of the same section reads in part as follows: " If there be a surviving child or children of the deceased under the age of eighteen years * * *, but no surviving wife * * * then for the support of each such child * * * fifteen per centum of the wages of the deceased * * *."

On the facts, which are undisputed, we have this situation: The widow survives but she is ineligible to receive compensation because of her failure to file a claim within the statutory period of two years. The statute says that where the widow survives the amount awarded for the support of the dependent child shall be ten per cent of the deceased husband's wages, with the exception that when she dies or remarries the amount shall be increased to fifteen per cent. It also says that if the wife does not survive her husband then an award to a dependent child shall be fifteen per cent of the father's wages. Quite obviously the facts of this claim do not bring it as a matter of fact within subdivision 3 of the statute. We are urged, however, to affirm the award made on the theory that in so far as compensation is concerned there is

no surviving widow. This theory is wholly artificial and although sentiment may favor it, I do not believe we have the right to stretch the statute beyond the limits established by the Legislature and depart from its plain context. (*Matter of Di Donato* v. *Rosenberg,* 263 N. Y. 486.) With relation to subdivision 2 of the statute, the respondent State Industrial Board argues that death and remarriage are not the only things which cancel the widow's death benefits, and give rise to the need for an increase in the amount awarded for a child's support. This argument may be freely granted, but unfortunately the two contingencies mentioned happen to be the only ones which the Legislature have recognized as a basis for such increase. If this limitation is an oversight or inadvertence it should be remedied by the Legislature and not by judicial legislation under the guise of judicial construction. Although we are commanded to construe the statute liberally we are not authorized to add something to it. As I view it we have no more authority to sustain an increase in the award under these facts than we have to alleviate the hardship caused by an inflexible Statute of Limitations which takes no account of the widow's utter inability to file her claim within the two-year period.

The award should be reversed, without costs, and the claim remitted to the State Industrial Board for action in conformity herewith.

Bliss, J., concurs.