In the Matter of the Claim of LILLIAN ROBINSON, Respondent, against FIRST NATIONAL CITY BANK OF NEW YORK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award finding mother of decedent a dependent and awarding payments to commence March 9, 1971. The board directed payment into the Aggregate Trust Fund, including the amount computed for the mother. It would appear from the brief of the appellants that their principal argument concerns the interpretation of subdi-

vision 4 of section 16 of the Workmen's Compensation Law particularly that the total amount payable shall in no case exceed sixty-six and two-thirds per centum of such wages. The decedent in the regular course of his employment was accidentally shot and killed on June 19, 1956. He left him surviving his widow, two minor children and his mother, Lillian. The widow and children were awarded under the above-quoted section an amount equal to the full benefits ($66\frac{2}{3}$%) and the award to the mother was predicated upon the first child reaching maturity (age 18). The board having found that the mother was a dependent at the time of death, she was entitled to benefits unless there was some prohibition. Here, the widow and children were entitled to full payment which eliminated immediate payments to the mother. We do not believe that the limitation was meant to be final but postponed payments to the mother until such time as under the law the prohibition was removed. If payments into the Aggregate Trust Fund had not been directed immediately, there probably would have been no argument about the dependency of the mother. In other words, if the mother had been found dependent but payments by the carrier were directed to the widow and children and thereafter if the widow remarried, the children reached age or any other prohibition had been removed, the rights of the mother to benefit would not be seriously contested. The fact that payments into the Fund were directed immediately does not affect dependency. There appears to be no case directly in point with the present problem. There are many cases where payments have been postponed for other reasons (third-party settlement, statutory mandate) and the benefits directed to be paid in to the Aggregate Trust Fund. (*Matter of Richter* v. *Town of Islip*, 276 App. Div. 42; *Matter of Doyle* v. *Town of North Hempstead*, 277 App. Div. 816.) The statutory prohibition of not more than $66\frac{2}{3}$% is not violated under the decision of the board. *Matter of Di Donato* v. *Rosenberg* (263 N. Y. 486); *Matter of Babb* v. *Conboy & Brown Constr. Co.* (264 N. Y. 357) cited by the appellants, in no way conflict with the findings herein. In view of the tender age of the dependent children and the mature age of the mother, appellants contend that the deposit at this time is unreasonable and unnecessary. The court recognizes that there is logic in the argument. Such is not the test. A liberal interpretation of the statute (Workmen's Compensation Law, § 16), which is the rule in such social legislation, convinces us that the board did not exceed their authority and that their decision was authorized under the law. A change in dependency in the future might entitle the appellants to make an application for review and refund. (Workmen's Compensation Law, § 27, subd. 4.) The question of the accuracy of the actuary computation was not raised before the board or in this court. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.