**Pamela YARDLEY and Andrew Yardley, Appellants,**

v.

**Gaylord MONTGOMERY, Employer and United States Fidelity and Guaranty Company, Insurer, Respondents.**

**John Scott ASHER, a minor, et al., Appellants,**

v.

**KILLION CONSTRUCTION CO. et al., Respondents.**

**Nos. 60961, 60844.**

Supreme Court of Missouri, En Banc.

April 10, 1979.

Senator Emory Melton, Cassville, for John Scott Asher et al.

Glenn A. Burkart, Springfield, for Killion Const. Co.

Kenneth D. Kyser, Moberly, for Pamela Yardley et al.

Kelly Pool, Jefferson City, for Gaylord Montgomery and U. S. Fidelity.

SIMEONE, Judge.

## I.

These are consolidated appeals involving the same legal issue and a construction of certain provisions of the workmen's compensation law of Missouri. The issue in both cases is one of first impression: When an employee covered by workmen's compensation is killed in the course of his employment and the widow and children are each awarded certain weekly death benefits and the widow thereafter remarries and receives, under the law, a two-year lump sum remarriage award, are the dependent children entitled to the widow's weekly benefits immediately upon the date of the remarriage or are the increased benefits to be deferred until after the expiration of two years?

For reasons hereinafter stated, we hold that under the provisions of § 287.240, subsection 4(a), RSMo 1975 Supp. that upon the remarriage of the widow of a deceased employee, the periodic benefits awarded to the widow and to which the widow would have been entitled had she not remarried is to be

divided among the minor children immediately upon the remarriage of the widow and that such payments are not to be deferred until the termination of two years after the remarriage. Thus we reverse the judgments of the respective circuit courts.

The various statutes involved in this proceeding insofar as pertinent are as follows:

1. Section 287.240, subsection 2, RSMo 1975 Supp.:

"The employer shall also pay to the total dependents of the employee a death benefit on the basis of sixty-six and two-thirds percent of the employee's average weekly earnings during the year immediately preceding the injury as provided in section 287.250. Compensation shall be payable in installments in the same manner that compensation is required to be paid under this chapter, but in no case be less than at the rate of sixteen dollars per week nor more than ninety-five dollars per week or as provided in section 287.-160. . . ."

2. Section 287.240, subsection 4(a), RSMo 1975 Supp.:

". . . [O]n the death or remarriage of a widow or widower, the death benefit shall cease unless there be other total dependents entitled to any death benefit under this chapter. In the event of remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow or widower. Thereupon the periodic death benefits shall cease unless there are other total dependents entitled to any death benefit under this chapter in which event the periodic benefits to which said widow or widower would have been entitled had he or she not died or remarried, shall be divided among such other total dependents and paid to them during their period of entitlement under this chapter; "

3. Section 287.240, subsection 7, RSMo 1975 Supp.:

"All death benefits in this chapter shall be paid in installments in the same manner as provided for disability compensation; . . . ."

4. Section 287.240, subsection 1, RSMo 1975 Supp.:

"[If the injury causes death, the compensation therefor, shall be as provided in this section:] (1) In all cases the employer shall pay . . . the reasonable expense of the burial of the deceased employee not exceeding eight hundred dollars."

5. Section 287.160, subsection 2, RSMo 1975 Supp.:

". . . Compensation shall be payable on the basis of sixty-six and two-thirds percent of the average earnings of the employee . . . but in no case shall the compensation exceed ninety-five dollars per week."

Other pertinent provisions of the statutes bearing on the resolution of this proceeding will be cited in the course of this opinion.

## II.

*Yardley v. Gaylord Montgomery and U.S. F.&G.*, No. 60961, involves an appeal from the circuit court of Howard County which affirmed a modified order of the Labor and Industrial Relations Commission. An appeal was taken by the appellants, Pamela Yardley and Andrew Yardley, children of the deceased employee, to the Missouri Court of Appeals, Western District which reversed the judgment of the circuit court with directions. Upon motion, the Western District transferred the cause to this court because the appeal involves a "novel issue of general interest and importance in that it is a case of first impression in Missouri . . . ."

The facts are not complex or contradicted, but the legal issues raised are difficult and have been the subject of debate and uncertainty in the field of workmen's compensation.

On March 31, 1975, Mr. Lonnie Yardley, age 26, was an employee of Montgomery Construction Co. On that date Mr. Yardley was starting to reroof a house and while in the course of his employment fell from the roof onto concrete. He suffered head injuries and died in surgery. He was survived

by his widow, Susan C. Yardley and two children, Pamela Kaye, age 6, and Andrew Earl, age 1.

On March 5, 1976, an award of compensation was made by the referee. The referee awarded death benefits. Susan, the widow, was awarded $73.33 per week, and each of the two children were awarded $10.00 per week. Burial expenses in the amount of $800.00 were also awarded. The referee, in the award stated that the death benefit to the widow would continue until her death or remarriage. The award also stated:

". . . In the event of her remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow. Thereupon the periodic death benefits payable to the widow, Susan Yardley, shall cease and the remainder of the compensation payable under this award shall become payable to Pamela Yardley . . . and Andrew Yardley . . . .."

On May 14, 1976, Susan Yardley married Charles Joseph Flaspohler.

In the normal course, and on July 13, 1976, the Labor and Industrial Relations Commission entered its order modifying the referee's award because of the remarriage of the widow. The modified order found that Mrs. Yardley had remarried and ordered that Mrs. Yardley be paid a lump sum equal in amount to the benefits due her for a period of two years. The order recited that she was to receive in a lump sum $7,626.32 (the amount due her per week, $73.33 times 2 years or 104 weeks), and that as of May 15, 1976, her death benefits would cease.

However, the award stated that:

"(2) The death benefits in the weekly sum of $73.33 heretofore paid to said widow, . . . be immediately hereafter paid each week to Pamela and Andrew Yardley, . . . so that Pamela

Yardley will receive with the sum of $10.00 awarded to her by the award of March 5, 1976, the additional sum of $36.66, making a total weekly payment of $46.66, and Andrew Yardley will receive with the sum of $10.00 awarded to him by the award of March 5, 1976, the additional sum of $36.67, making a total weekly payment of $46.67."

These benefits were made payable to the mother as their natural guardian.

But upon subsequent motion by the employer and insurer, contending that the modified award grants to the dependents compensation in an amount in excess of $95.00 in violation of § 287.240(2), RSMo Supp.1975, the Commission set aside its order of July 13, 1976 and requested arguments.

Briefs were filed by the parties, arguments were made and on December 28, 1976, the Commission revised its order of July 13, 1976, and entered a modified award. This modified award stated that the

". . . dispute is over the construction of the provisions of Section 287.240, Revised Statutes of Missouri, 1969, as amended in 1974, relating to the effect of the remarriage of the widow in terms of the amount of the benefits the minor children shall receive within the two-year period immediately following the date of remarriage and in terms of the amount of benefits the widow shall receive in lump sum as result of remarriage." [1]

The Commission concluded that the widow is entitled to a lump sum benefit of 104 weeks times her weekly benefit immediately upon remarriage but "that the minor children are entitled to continue their weekly benefits at the amount of $10.00 each after the date of remarriage of the widow for a period of 104 weeks." The Commis-

---

1. The Commission, in its memorandum, quoted from §§ 287.240(2) and 287.240(4)(a). The employer-insurer contend that these sections considered together mean that upon remarriage the widow receives a lump sum and upon remarriage the children continue to receive weekly benefits of $10.00 each until the two year period has expired at which time their weekly benefits would be increased by the widow's award of $73.33 divided between them. On the other hand the widow and children contend the children are entitled to the increased amount upon the remarriage of the widow.

sion believed that § 287.240(4)(a) is subject to the limitations of § 287.240(2) which limits compensation to $95.00 per week.[2]

The Commission therefore ordered that the widow be awarded a lump sum payment of $7,626.32 ($73.33 times 104 weeks) and that the payment of $10.00 per week to each of the children be continued for 104 weeks after May 14, 1976, and upon the expiration of the two year period each child shall then receive a weekly benefit of $46.67 until age eighteen.[3]

From this modified order, the children appealed to the circuit court of Howard County. On April 25, 1977, the court affirmed the order of the Commission and ordered that the widow was entitled to a lump sum payment and that the dependent children continue to receive $10.00 per week for 104 weeks and upon the expiration of 104 weeks the children should then receive $46.67 ($36.66 or ½ of the widow's award + $10.00).

Appeal was taken to the court of appeals, Western District which reversed the judgment of the circuit court and remanded the proceedings with directions. That court held that (1) upon remarriage the widow was entitled to a lump sum remarriage payment in an amount equal to the weekly benefits for a period of two years and (2) that immediately upon the remarriage of the widow the children were entitled to receive the periodic benefits to which the widow would be entitled had she not remarried, in addition to the original award to the children.

### III.

In *Asher v. Killion Construction Company and Employers Mutual Casualty Company*, No. 60844, consolidated with *Yardley*, No. 60961, Leslie John Asher, an employee of Killion died on February 26, 1975 as a result of an accident arising out of and in the course of his employment.

Mr. Asher left a surviving widow Shirleyanne and a son, John Scott, age one year. The insurer on behalf of the employer promptly began payment of compensation death benefits and paid the statutory medical and burial expenses.

On April 29, 1975, a hearing was held before a referee and on an agreed statement of facts the referee entered an award—awarding to the widow $73.34 per week and to the minor son the sum of $20.00 per week. The referee ordered that "[t]hese sums are to be paid to Shirley Anne [sic] Asher and John Scott Asher at the rate of $93.34 per week or until the prior death or remarriage of Shirley Anne [sic] Asher, then as provided by law."

On October 27, 1976, the widow married Harold Dean Carr, Sr. Following the normal course, the Labor and Industrial Relations Commission on January 13, 1977, entered its modifying award. The order entered by the Commission stated:

2. The Commission relied on *Carlin v. Lockport Paper Co.*, 214 App.Div. 354, 212 N.Y.S. 65 (1925); *Matter of Di Donato v. Rosenburg*, 263 N.Y. 486, 189 N.E. 560 (1934); *Federal Marine Terminals, Inc. v. Byrne*, 46 F.R.D. 33 (N.D.Ill. 1969).

The Commission in its order was troubled by the word "thereupon" in Section 287.240(4)(a). " 'Thereupon' may simply mean that upon the expiration of the two-year period the benefit amount of the minor children shall be increased. We are aware that the dictionary definition is 'immediately thereafter.' The question is 'immediately thereafter' which event—the event of the remarriage or the event of expiration of the two-year period? However, in light of the proposition that statutes are to be construed whenever possible to give harmony and effect to all their provisions and that it is not clear that the word 'thereupon'

means to divide periodic benefits of the widow among the minor children immediately upon the remarriage of the widow, we can only conclude that the legislature did intend to limit the liability of the employer-insurer."

3. The modified order was a 2–1 decision. One of the commissioners dissented. In the dissent, the Commissioner stated that if the majority opinion is to stand, the minor dependents must pay the penalty in all cases involving the remarriage of the widow. He believed that the majority opinion did not express the intent of the General Assembly. It was his opinion that the widow having been awarded the two year lump sum, the dependent children should immediately thereafter begin sharing that portion of the award originally allotted to her in addition to the benefits apportioned to them in the same original award.

"(1) That a lump sum payment equal in amount to the benefits due her for a period of two years shall be paid to the widow. She is to receive in lump sum $7627.36, which is the amount due her per week ($73.34) times two years (104 weeks). Thereupon the death benefits heretofore paid to said widow, Shirleyanne L. Asher, cease and abate as of October 28, 1976. A duly executed receipt for compensation shall be filed with the Commission.

"(2) The minor child, John Scott Asher, is continued the weekly benefit of $20.00 from October 28, 1976 for 104 weeks thereafter, at which time his benefit amount will be increased by $73.34 per week.

"(3) Said death benefits due said minor child shall be paid to Shirleyanne L. Carr, his mother and natural guardian, for his support, maintenance and education.

"Otherwise said award of April 29, 1975, shall remain in full force and effect as originally written."

The appellants, mother and son appealed to the circuit court of Taney County. On October 11, 1977, the court affirmed the order of the Labor and Industrial Relations Commission. On application of the employer to transfer the cause here, the application was sustained and the cause was transferred prior to opinion and consolidated with *Yardley.*

## IV.

The briefs of the parties are essentially the same and we shall treat both of these cases together.

On appeal, the appellants in *Yardley* contend that the court erred in affirming the modified order of the Industrial Relations Commission because that order was contrary to § 287.240 in that the periodic death benefits payable to the widow were not to be divided among the children until the expiration of a two year period following remarriage when in fact the children were entitled to the widow's periodic death benefits immediately upon the remarriage of the widow. The appellants rely on the language of § 287.240(4)(a) [4] as amended in 1974. They contend that there is nothing in the statute to justify a conclusion that the word "thereupon" means waiting two years. They argue that the Commission determined that § 287.240(4)(a) was limited by subsection (2) limiting the amount of compensation to $95.00 per week, but that if this is so why then is not subsection 1 (burial expenses) and the lump sum remarriage award not limited by subsection 7 which requires that all death benefits be paid in installments.

The respondents argue that subsection 2 limiting compensation to $95.00 per week and subsection 7 requiring death benefits to be paid in installments in the same manner as provided for disability compensation and § 287.160 limiting compensation to $95.00 per week must be considered in connection with subsection (4)(a) thereby limiting the benefits payable under workmen's compensation to a maximum of $95.00 per week. Hence to require the employer-insurer to pay, in addition to the lump sum remarriage benefit an increased amount to the children to which the widow would have received had she not remarried would exceed the statutory maximum of $95.00 per week. To require the employer to pay the lump sum remarriage payment and in addition increase the award to the children upon the remarriage of the widow would be in direct conflict with subsection 2 of §§ 287.-240 and 287.160 and place an unwarranted and burdensome obligation on employers and insurers.

Respondents argue that the provisions of the lump sum remarriage award resembles

4. ". . . In the event of remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow or widower. Thereupon the periodic death benefits shall cease unless there are other total dependents entitled to any death benefit under this chapter in which event the periodic benefits to which said widow or widower would have been entitled had he or she not died or remarried, shall be divided among such other total dependents and paid to them during their period of entitlement under this chapter."

the authority contained in § 287.530 authorizing the Commission to commute to a lump sum future installments of compensation under an award providing for periodic benefits for a stated period of time. They rely on *Bruce v. Missouri-Kansas-Texas R. Co.*, 229 Mo.App. 124, 73 S.W.2d 425 (1934). They contend that the payment of certain benefits works a deferral of additional benefits provided in the law, relying on *Cowan v. Southwestern Bell Telephone Co.*, 529 S.W.2d 485 (Mo.App.1975) and *Strohmeyer v. Southwestern Bell Telephone Co.*, 396 S.W.2d 1 (Mo.App.1965). They argue that the widow would not be entitled to double payments and for the court to construe § 287.240(4)(a) as authorizing the payment of a widow's share of periodic benefits to minor children prior to the expiration of the period of time covered by her commuted payment would require double payments in violation of the express language of §§ 287.240(2) and 287.160.

They also rely on decisions in other jurisdictions including—*Carlin v. Lockport Paper Co.*, and *Federal Marine Terminals, Inc. v. Byrne, supra.*

Summarizing the thrust of the respondents' position it is: First, that the periodic death benefits to which the widow would be entitled had she not remarried are to be deferred for two years because if the children are entitled to the widow's benefits immediately upon remarriage, the total compensation would exceed the statutory limit of $95.00 contained in §§ 287.240(2) and 287.160(3). They take this position because § 287.240(4)(a) conflicts with and must be read in conjunction with §§ 287.-240(2) and 287.160 relating to compensation for disability, and that it is clear that the General Assembly intended to limit the benefits payable under the law to $95.00 per week. If in addition to the lump sum remarriage payment, the children were immediately entitled to the periodic death benefits to which the widow would be entitled upon the date of remarriage, the compensation would exceed the statutory maximum of $95.00 per week. Second, to increase the compensation to the children immediately upon the remarriage of the widow is akin to

commutation to a lump sum of future installments violative of § 287.530 and *Bruce v. Missouri-Kansas-Texas R. Co.*, 73 S.W.2d at 425. Third, it is the policy of the law to prohibit double payments. Fourth, decisions in other states hold that the increased payments to the children after the remarriage of the widow are to be deferred until the depletion of the remarriage lump sum award.

### V.

■ As stated, we are of the opinion and hold that under the specific provisions of § 287.240(4)(a) that upon the remarriage of the widow of a deceased employee who has received a lump sum remarriage award, the periodic benefits awarded to the widow and to which the widow would have been entitled had she not remarried should be divided among the minor children immediately upon the remarriage and that the payments are not to be deferred until the termination of 104 weeks subsequent to the remarriage. Thus we reverse the judgments of the respective circuit courts. We do so for several reasons.

Section 287.240, RSMo Supp.1975 was considerably revised in 1974. (Laws, 1973–1974, pp. 853, 861). Two significant changes were made by the General Assembly. Subsection 2 of that section, prior to its amendment, provided that "The employer shall also pay to the total dependents of the employee a *single total death* benefit . . . ." That language was omitted in the 1974 amendment and now reads, "The employer shall also pay to the total dependents of the employee a death benefit . . ." The other significant change was in the wording of subsection 4(a). Prior to the amendment, subsection 4(a) ended with the first sentence. The 1974 amendment added the language presently under construction.

"... In the event of remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow or widower. Thereupon the periodic death benefits shall cease unless there are other total

dependents entitled to any death benefit under this chapter in which event the periodic benefits to which said widow or widower would have been entitled had he or she not died or remarried, shall be divided among other total dependents and paid to them during their period of entitlement under this chapter."

This amendment is clear in that it provides that "thereupon" (the proper antecedent for "thereupon" is the phrase "on the death or remarriage of the widow or widower") the periodic death benefits, in the event there are other total dependents, to which the widow would have been entitled had she not remarried "shall be divided among such other total dependents and paid to them during their period of entitlement . . . ."

This section is, in our opinion, not limited by the maximum death benefit compensation of $95.00 per week in § 287.240, subsection 2 or the disability compensation in § 287.160(2). While the Commission gave dominant effect to the provisions of the maximum compensation in § 287.240(2), the benefit in subsection 4(a) constitutes a separate benefit unrelated to death benefit installment compensation award. The express terms of § 287.240(2) are that only the death benefit, i. e., compensation payable in installments shall not exceed the maximum of $95.00 per week.

■ There are, in § 287.240 three compensations provided: (1) burial expense, (2) a lump sum remarriage award and (3) a "death benefit" or "compensation payable in installments" not to exceed $95.00 per week. Only the death benefit in subsection 2 is subject to the maximum. The lump sum remarriage payment is not so subject, hence the periodic death benefit to which the widow is entitled had she not remarried which are directed to be divided to the dependent children are also not subject to the maximum limitation. There is no basis in the statute to treat the lump sum payment to the widow as a death benefit subject to the maximum limitation of $95.00 per week in subsection 2. Construing the statute as a whole, the maximum limitation

of $95.00 per week is not applicable to burial expense in subsection 1 and the lump sum remarriage payment in subsection 4.

There is nothing in subsection 4(a) which indicates the intention of the General Assembly to limit the liability of the employer by subsection 2 or by § 287.160. The history of the workmen's compensation law shows a progression of an enlarged liability intended to relieve employees and their dependents from the financial burden of industrial injuries which result in death. *See* Domrese and Graham, Workmen's Compensation in Missouri, 19 St.L.U.L.J. 1 (1974).

Furthermore, there are certain benefits under the workmen's compensation law which are not payable in installments. Among them are burial expenses (§ 287.-240(1)) and medical expenses.

Thus, we believe the legislative intent in the amendment to § 287.240 made in 1974 is that although the death benefit for weekly compensation is limited to $95.00 per week, this limitation is not applicable to the lump sum remarriage benefit so that the weekly benefits to which the widow would have been entitled had she not remarried are to be divided among the other total dependents upon remarriage.

### VI.

Respondents also rely on an alleged analogous situation in § 287.530, RSMo 1969 relating to commuting compensation. That provision states:

"1. The compensation provided in this chapter may be commuted by the division or the commission and redeemed by the payment in whole or in part, by the employer, of a lump sum which shall be fixed by the division or the commission, which sum shall be equal to the commutable value of the future installments which may be due . . ., if it appears that the commutation will be for the best interests of the employee or the defendants of the deceased employee, or that . . . the employee or dependent has removed or is about to remove from the United States or that the employer has sold or

otherwise disposed of the greater part of his business or assets.

"2. In determining whether the commutation asked for will be for the best interest of the employee or the dependents of the deceased employee, or so that it will avoid undue expense or undue hardship to either party, the division or the commission will constantly bear in mind that it is the intention of this chapter that the compensation payments are in lieu of wages and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid. Therefore, commutation is a departure from the normal method of payment and is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure."

Respondents rely on *Bruce v. Missouri-Kansas-Texas R. Co., supra.* In that case the employee received an award of weekly benefits for a stipulated period of time. Thereafter the employee applied for a commutation and a lump sum payment on the ground that the payment would avoid undue hardship. The employee sought to reopen the case on the grounds of increased disability. The appeal was from a judgment from an award granting additional compensation because of "change of condition." The court held that the commission had no authority to entertain the application for additional compensation until the period of time for which he would have been paid the lump sum in installments had expired. "The commutation was a cash settlement for the unpaid weekly payments ending in the week closing on March 1, 1931." 73 S.W.2d at 429.

But *Bruce* is not dispositive of the case here. The lump sum commutation under § 287.530 is a procedure by which compensation may be commuted for certain purposes. This section does not authorize any additional compensation but is limited to the benefits to which the employee or his dependents are entitled. Section 287.-240(4)(a) is a separate and independent provision providing a lump sum remarriage award which when remarriage occurs the periodic death benefits to which the widow would have been entitled had she not remarried are to be divided among the other dependents and paid to them during their period of entitlement.

The construction by the Industrial Relations Commission rests on the supposition that the lump sum payment represents an advancement of benefits due over the two year period and must be depleted before the periodic benefit due the widow may be redistributed to the children. There is no suggestion in the statute which requires this interpretation. In the light of the development of workmen's compensation legislation, the lump sum stipend to the widow upon remarriage leaves unaffected the right of the children as other total dependents to the immediate use of the periodic death benefits upon remarriage of the widow.

The respondents—employer and insurer—rely on the *Southwestern Bell* cases, *supra,* for the proposition that double payments are not authorized. Those decisions do not control the issue here. Those decisions construed § 287.160, subsection 3 which entitles the employer to credit for wages paid the employee after the injury and "for any sum paid to or for the employee or his dependents on account of the injury . . . ." In *Cowan v. Southwestern Bell Telephone Co., supra,* the court held that the employer was to be credited for benefits paid under an employee benefit plan under § 287.-160(3).

These decisions are of no aid to the respondents for they do not deal with the special incentive benefit provided in § 287.-240(4)(a).

The respondents rely on decisions in other states which they contend control the issue that the childrens' increased benefits are to be deferred until the expiration of the two-year lump sum award period. They rely principally on *Carlin v. Lockport Paper Co., supra, Federal Marine Terminals, Inc. v. Byrne, supra,* and *Di Donato v. Rosenberg, supra.*

In *Carlin* an employee met with an industrial accident causing death. He was sur-

vived by a widow and four children. An award was made for death benefits being in the aggregate 66⅔ percent of the average wage—30 percent to the widow and 9⅙ percent to each of the four children. The widow thereafter remarried and the widow was paid a remarriage award for two years' compensation. The children's award was then increased to 10 percent to each child. The question raised was whether the awards were contrary to the provisions of the workmen's compensation law, limiting the total amount payable to 66⅔ percent of the average wages of the deceased. The court held that, under the statute authorizing a lump sum remarriage award and an additional amount of compensation to the children, limited the total amount payable to sixty-six and two thirds percent. The effect of the awards raising the death benefit to each of the children at the time of the remarriage when the widow received two years lump sum benefit exceeded the total amount payable contrary to the statutory provisions. "The intention of the Legislature, expressed in the last clause of said subdivision 2 of section 16 of the Workmen's Compensation Law, was plainly to limit the total amount of awards to 66⅔ per centum." 212 N.Y.S. at 66.

In *Federal Marine*, the sole issue was whether the widow was entitled to a lump sum payment of two years compensation upon her remarriage. Strangely enough the employer in this case contended that the widow was not entitled to a lump sum award but that the children were entitled to an increased statutory award. The District Court held that under the Longshoreman's and Harbor Act, 33 U.S.C.A. §§ 909, 909(b), 921, the widow was entitled to the lump sum award. In the course of that opinion the court noted the language of the specific provision to be construed—33 U.S.C.A. § 909(b) contained a specific proviso that the ". . . total amount payable shall in no case exceed 66⅔ per centum of such wages, . . ." and stated:

"As a practical matter, it means that as of . . . the date of the surviving widow's remarriage, she became entitled to two years' compensation for the period . . . in a single sum at the rate of 35 per cent of the deceased's average wage. During that two year period, the three surviving children of the deceased are entitled to sequential death benefits at a rate of 31⅔ per cent of their father's average wage. These two amounts total the maximum statutory award of 66⅔ per cent for that time period. On September 2, 1969, [the end of the two years] the mother's compensation period will lapse, and the children, equally and among themselves, become entitled to payment at the rate of 35 per cent for one child and 15 per cent for each of the other two children, or a total of 65 per cent, of their father's average wage." 46 F.R.D. at 36.

These cases are, in our opinion, not controlling in these cases. Those cases interpreted the particular statute involved which contained *within itself* a limitation on the "total amount payable." In each case, the death benefit compensation, the lump sum remarriage award and the maximum statutory allowance for the total amount payable were all contained within the same subsection so that all forms of benefits to the widow and children were limited by the proviso limiting the total amount payable. In each case, also, the wording of the statute treated the death benefit award and the lump sum award as a death benefit subject to the maximum allowance.

But our statute, in our opinion, contains a different rationale and the benefits and awards are not so entwined so as to place a statutory limit on the lump sum award provision in subsection 4(a) of § 287.240. Three different compensations are clearly described in § 287.240: the burial reimbursement, the installment death benefit (subsection 2) and the lump sum remarriage award in subsection 4. Only the installment death benefit award, by the express language, limits the total amount payable. Unlike the statutes in *Carlin* and *Federal Marine* which limited the total amount payable, the death benefit provided for in subsection 2 of § 287.240 provides only that compensation shall be payable in an amount not to exceed $95.00 per week without curtailment as to the total amount payable.

The statutes construed in *Carlin* and *Federal Marine* also contain no language as that found in our statute that "thereupon" the periodic death benefits to the widow shall cease and the periodic benefits to which the widow would have been entitled had she not remarried "shall be *divided* among such other total dependents and *paid* to them during their period of entitlement . . . ." (Emphasis added).

In short, our statute presents differences from *Carlin* and *Federal Marine.*[5]

The issue here is more akin to *Blumenfeld v. Rust Craft Greeting Cards, Inc.*, 51 N.J. 1, 236 A.2d 883 (1967). That court, confronted with the issue before us concluded that under the compensation law, the widow was to receive the lump sum and the compensation payable to the other total dependents must be recomputed as of the date of the remarriage. The compensation division rejected the employer's contention that the weekly payments should continue as originally ordered until the portions allocated to the widow and paid to her after remarriage with recomputation as to the children to occur at that point. The Supreme Court of New Jersey stated:

"The question then is whether the Legislature intended to cut down the benefits theretofore payable to other total dependents or intended the payment to the widow on remarriage to be an additional obligation of the employer. Neither the wording of the statute nor its history indicates which of these approaches was in the legislative mind. We think it more likely that the Legislature intended the burden of the increase to be borne by the employer. This view is more in keeping with the remedial objective of the compensation law.

"We accordingly hold that upon remarriage (1) the widow receives in lump sum, without discount, the balance of the compensation not yet accrued to her, or $1,000, whichever is the lesser, and (2) the compensation payable to the other total dependents must be recomputed as of the date of the remarriage." 236 A.2d at 884.

*See also, Blumenfeld v. Rust Craft Greeting Cards, Inc.*, 94 N.J.Super. 584, 229 A.2d 663 (1967).

## VII.

In summary, we conclude that upon the remarriage of the widow of the deceased employee, the periodic benefits to which the widow would have been entitled had she not remarried is to be divided among the minor children immediately upon remarriage and such payments are not to be deferred for two years.

The judgments of the respective circuit courts are reversed and the causes remanded to the Labor and Industrial Relations Commission for an entry of an award in accordance with this opinion.

MORGAN, C. J., BARDGETT, RENDLEN and SEILER, JJ., and WELBORN, Special Judge, concur.

DONNELLY, J., concurs in result.

WELLIVER, J., not participating because not a member of the Court when cause was submitted.

---

5. The same rationale appears in *Di Donato v. Rosenberg, supra.*