James L. BATTLES, Deceased, Marla J. Battles Neece, widow, and Rebecca Jean Battles, minor dependent, Respondents,

v.

MASSMAN CONSTRUCTION COMPANY and the Travelers Insurance Company, Appellants.

No. 60958.

Supreme Court of Missouri, En Banc.

April 10, 1979.

Gary E. Lowe, Field, Gentry, Benjamin & Robertson, Kansas City, for appellants.

Richard D. Rhyne, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, for respondents.

SIMEONE, Judge.

This case basically raises the identical issue posed in *Yardley v. Gaylord Montgomery and United States Fidelity and Guaranty Company*, No. 60961 and *Asher v. Killion Construction Co.*, No. 60844, decided this date, Mo., 580 S.W.2d 263. That issue is: When an employee covered by workmen's compensation dies in the scope of his employment and the widow thereafter remarries and receives a two-year statutory lump sum award, is the dependent child entitled to the widow's weekly benefit immediately upon the date of the widow's remarriage or is the child's increased benefit to be deferred until after the expiration of two years? As in *Yardley* and *Asher* we hold in this case that under the provisions of § 287.240, subsection 4(a) that upon the remarriage of the widow of a deceased employee, the periodic benefits to which the widow would have been entitled had she not remarried is, in this case, to be paid to the minor child immediately upon the remarriage of the widow and such payments are not to be deferred until the termination of two years after the remarriage. We thus affirm the order of the circuit court in this regard.

The facts are not in dispute. On August 16, 1974, James L. Battles was employed by Massman Construction Company and was subject to the workmen's compensation law. On that date he sustained an accident wherein he was electrocuted which resulted in his death. Marla J. Battles, his wife, and an infant daughter, Rebecca Jean Battles were his survivors. The compensation referee, after a hearing, awarded the widow the sum of $65.00 per week and the child $30.00 per week for death benefits. The award was entered December 31, 1974. The referee held that the compensation benefits due the widow "shall be paid to her until her death or remarriage at the compensation rate of $65.00 per week. In the event of her remarriage, a lump sum payment equal in amount to the benefits due for a period of two years shall be paid to the widow, thereupon the periodic payments to the widow shall cease, and said periodic payments to which said widow would have been entitled had she not died or remarried shall be paid to the dependent child, Rebecca Jean Battles."

Marla J. Battles then married Victor L. Neece.[1] Following remarriage, the Labor and Industrial Relations Commission on January 13, 1977, entered its order modifying the award. The Commission, with one dissenting opinion, found that Marla was married to Mr. Neece on June 28, 1976 and ordered:

"(1) That a lump sum payment equal in amount to the benefits due her for a period of two years shall be paid to the widow. She is to receive in lump sum $6,760.00, which is the amount due her per week ($65.00) times two years (104 weeks). Thereupon the death benefits heretofore paid to said widow, . . . cease and abate as of June 29, 1976 . . .

"(2) The minor child, Rebecca Jean Battles, is continued the weekly benefit of $30.00 from June 29, 1976 for 104 weeks thereafter at which time her benefit amount will be increased by $65.00 per week."

---

1. The marriage certificate shows that the parties were married on July 3, 1976, by authority of a license dated June 28, 1976.

An appeal from this order was taken to the circuit court of Jackson County. On February 22, 1977, the circuit court made findings of fact, conclusions of law and entered its order reversing the Labor and Industrial Relations Commission. The court found the above facts but in addition found that on January 19, 1977, the insurer notified the dependents that its files indicated that it had paid Rebecca the sum of $95.00 per week for six months since the date of remarriage. But as the modifying award indicates "we should have only paid $30.00 per week for that period of [sic] $720.00. This amount[s] to an overpayment of $65.00 per week for 24 weeks or $1,560.00 . . . ." The insurer sought to retrieve the overpayment by ceasing payments for 52 weeks ($1,560 divided by $30). "After that time we will begin paying $30.00 per week until June 28, 1978. After that date we will again issue weekly payments in the amount of $95.00 per week ($380 every four weeks)."

The circuit court in reversing the Industrial Commission held that the law prior to 1974 provided that when a widow remarried, the benefits ceased. "But if there was a minor child, the benefits continued over to the minor child without interruption. The 1974 Amendment, [§ 287.240(4)(a)] which granted an additional lump sum payment to the widow, was not intended to reduce the periodic benefits which have historically been immediately transferred to any minor children upon the remarriage of the mother and in fact did not reduce those periodic benefits."

"The legislature's use of the word 'thereupon' to signify the time when the minor child's benefits shall be increased as the result of the mother's remarriage indicates that the legislature intended that the remarriage of the widow was the sole necessary and final act which would *immediately*

transfer the widow's periodic benefits to her minor children."

The circuit court, on April, 1978, reversed the January 13, 1977 order of the Labor and Industrial Relations Commission and ordered the insurer to pay $6,075.00 to Rebecca—"the same representing the amount that should have been paid to Rebecca Jean Battles from the date of the remarriage of her mother, Marla Battles Neece, on June 28, 1976, until and including the date of this Order, plus interest . . . ."

The appellants—Massman and Travelers—appealed to the court of appeals, Western District, but on motion of the court of appeals to accept transfer prior to opinion, we granted transfer and decide the case as an original appeal pursuant to the provisions of Art. V, § 10, Mo.Const.

On this appeal, appellants contend that the circuit court erred in (1) reversing the modifying order of the Labor and Industrial Relations Commission because the court misinterpreted the meaning of § 287.240(4)(a) in allowing the child, Rebecca, the sum of $95.00 per week rather than $30.00 per week for two years following the mother's remarriage and (2) not allowing the appellants to recover $1,560.00 paid in error as an overpayment to Rebecca for the reason that those payments (made from June, 1976 to January, 1977) were made and accepted because of mutual mistake.

■ The gist of appellants' argument on appeal is that the legislative history of § 287.240(4)(a) shows that the intent of the General Assembly, in the various bills and substitutes, is to continue the $30.00 payment to Rebecca for a period of two years and thereafter to receive the widow's benefit until her majority. The appellants contend that the amendment to H.C.S. for S.S. for S.B. 417[2]—the last sentence of § 287.240(4)(a) beginning with "thereupon" was to prevent the two-year lump sum benefit

---

**2.** S.B. 417 as originally introduced in the 77th General Assembly eliminated the $22,500 limitation payable to the total dependents in § 287.240(2) and added a two-year lump sum benefit payable to the widow. In the Senate Substitute the lump sum provision was moved to subsection 4(a) and eliminated the $22,500

limitation; in H.C.S. for S.S. for S.B. 417, the two year lump sum remained in subsection 4(a). This provision in 4(a) was amended in the House by adding the last sentence in that subsection beginning with the word "thereupon."

from being a bonus and that the added amount was to be "the periodic benefits to which said widow or widower would have been entitled had he or she not died or remarried . . . ." Appellants argue that given the two-year lump sum payment, "the widow would have been entitled to absolutely nothing for two (2) years, and her regular periodic benefit thereafter had she not remarried."

We do not believe that the various bills and substitutes show that the General Assembly intended that the dependent child of a deceased employee wait for two years before receiving the increased benefits to which "said widow or widower would have been entitled had she not died or remarried."

We conclude, for the reasons stated in *Yardley* and *Asher*, and as did the circuit court, that the dependent child is entitled to the widow's weekly benefits immediately upon the remarriage of the widow and that such increased benefits are not to be deferred for two years, and hence affirm the judgment of the circuit court.

As to the appellants' second point that they are entitled to recover $1,560.00 paid in error from June, 1976 to January, 1977, we are unable to determine whether the court in its order gave credit for the payment of $1,560.00 paid from the date of remarriage for 24 weeks. In its order the court ordered the insurer to pay $6,075.00 plus interest.[3] Such credit should be given, hence we remand the cause for recomputation, but in all other respects affirm the judgment.

The judgment is in all other respects affirmed.

MORGAN, C. J., BARDGETT, RENDLEN, SEILER and WELLIVER, JJ., concur.

DONNELLY, J., concurs in result.

---

3. The court stated that the dependents raised two issues which the court will not "reach" since it believes the rulings dispose of the matter: (1) whether due process was afforded dependents with regard to the modification order, and (2) whether the insurer was entitled to modify the payment to Rebecca in order to

retrieve the overpayment. The court apparently did not give credit for the $65.00 paid for 24 weeks in its judgment because it ordered payment of $6,075.00 ($65 × 93 weeks) from the date of remarriage, June 28, 1976, to the date of the order (April 11, 1978).